Philadelphia, Appellant, *v.* Penn Plastering
Corporation.

Argued November 20, 1968. Before BELL, C. J.,
JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Levy Anderson,* First Deputy City Solicitor, with
him *Thomas A. Matthews,* Assistant City Solicitor, and
*Edward G. Bauer, Jr.,* City Solicitor, for City of Phila-
delphia, appellant.

*Ronald N. Rutenberg,* with him *Rutenberg, Ruten-
berg, Rutenberg and Rutenberg,* for appellee.

OPINION BY MR. JUSTICE COHEN, April 23, 1969:
This matter comes before our Court on the appeal
of the City of Philadelphia from the decree of the
Court of Common Pleas of Philadelphia County, sit-
ting in equity, sustaining the preliminary objections

filed by appellee Joseph Ritter to appellant's complaint in equity and dismissing the complaint as to Ritter only. The corporation-defendant sued jointly with Ritter was continued in the action.

The complaint averred that defendant Ritter was the president and a director of a Pennsylvania corporation engaged in the business of plastering contracting in the City of Philadelphia. In such capacities he was actively engaged in the management, operation, direction and control of the corporation and had full and complete control of its business activities, bank securities, assets, collections, payment of taxes and preparation and filing of tax returns.

It was also averred that the corporation had employees during the above set forth periods, that it collected wage taxes from those employees by withholding, that it filed wage tax returns with the Department of Collections showing wage taxes deducted and withheld in the total sum of $8,547.04, that the individual defendant knew the City wage taxes were withheld and not remitted to the plaintiff as required by the ordinance, that the corporate defendant paid the sum of $1,500 on account of this wage tax obligation on or about December 3, 1965, and that this was applied to the basic tax for May of 1964, and that there is still due a total of $7,047.04 plus interest and penalty.

The complaint alleges that the wage taxes so collected and withheld became the property of the City and that the corporate defendant and the individual defendant who controlled the corporate defendant were trustees of those wage taxes and under a duty to pay those funds over to the City, and that the failure to pay these trust funds over to the City rendered them liable as trustees *ex maleficio* to account for the sums claimed.

Defendant filed preliminary objections to the complaint in equity, asserting that the complaint failed to set forth a cause of action. The action of the lower court sustained the preliminary objections which generated the question whether the active and controlling officer of a corporation which has collected city wage tax from its employees by withholding, but has failed to pay them over to the city, may be required individually to account in equity as a trustee *ex maleficio* for the wage taxes so collected. At first it might seem that our decision in *Philadelphia v. Mancini*, 431 Pa. 355, 246 A. 2d 320 (1968), is dispositive of the issue. There the city sought to have the defendant held as a trustee *ex maleficio* for wage taxes allegedly due the City of Philadelphia. We rejected the city's claim on the ground that at the trial of the case the evidence was insufficient to establish that the wage taxes were collected and thus it was concluded that there was no trust *res* which could be the subject of a constructive trust. Hence, *Mancini* has no application to the instant problem.

The City's complaint in the instant matter clearly alleges the collection of such wage taxes from the employees, thereby establishing the trust *res*, which *res* the complaint further alleges belonged to but was not delivered to the City and that defendant Ritter was the active and controlling officer of the corporation.

Since the defendant has chosen to file preliminary objections in the nature of a demurrer, every material and relevant fact which is pleaded and every inference fairly deducted therefrom are to be taken as true. Thus the averments of the complaint, if supported by proof at trial, would warrant a finding that the taxes were collected by the corporation as agent for the City and that the active and controlling officer of the corporation (Ritter) failed to pay the taxes so collected over

to the City.   Therefore Ritter along with the corporation would be responsible to the City.

There is nothing new or novel in this concept.   One who collects taxes as agent for a city and fails to pay the same over to the city has long been held to be a trustee *ex maleficio*.   *Philadelphia v. Heinel Motors, Inc.*, 142 Pa. Superior Ct. 493, 16 A. 2d 761 (1940). The briefs of the City are replete with lower court cases holding that a corporation which in the course of its operations collects taxes as an agent for a city and fails to pay same over to the city is trustee *ex maleficio*.   Its officers are all trustees *ex maleficio* and are responsible together with the corporation where they were responsible for the performance of the duty to collect the taxes and were in control of the corporation's funds and tax accounts.   Here, the complaint also avers that Ritter permitted and directed the corporation to use and convert the taxes that the corporation withheld and that he "participated in such conversion."   If substantiated at trial this, with proof of the other allegations, would clearly constitute Ritter a trustee *ex maleficio*.

To hold otherwise would be to disregard the undisputed fact that corporations must act through individuals and where the individuals are the active and controlling officers and agents of the corporation and they fail to administer the trust responsibilities of the corporation, those responsibilities are imposed upon the individuals who are responsible for the performance of the trust duty.   This obligation is similar to the trust obligation imposed upon one who receives property with notice of a trust.   Restatement 2d, Trusts §291.

Decree reversed at appellant's costs.