## Kassab v. Wilke

*Joseph R. McFadden*, for plaintiff.
*Harry J. Bradley*, for defendants.

DEFURIA, J., February 14, 1974,—Plaintiff, an attorney, sued the corporate and individual defendants in assumpsit for breach of a contract to pay for legal services rendered. Plaintiff also obtained, in a separate action, a writ of foreign attachment whereby he attached stock certificates of the corporate defendant in the hands of a garnishee.

We have before us for disposition the preliminary objections of defendants to the complaint in assumpsit and to the foreign attachment.

Defendants' preliminary objections contain alleged facts dehors the record, a speaking demurrer. Plaintiffs' brief likewise contains many facts which do not appear in the pleadings.

Basically, two issues need determination: Is venue

properly in Delaware County? Were defendants' properly served?

The complaint alleges that: the corporate defendant is a foreign corporation of West Germany and the individual defendants, the owners of the corporation, are citizens of that country; defendants engaged plaintiff to render legal services for them; they paid him a retainer; defendants have and are doing business in Pennsylvania.*

The complaint, therefore, on its face, indicates that the corporate and individual defendants engaged in business in Pennsylvania, and that these defendants were a foreign corporation and foreign nationals.

Service was made upon the corporate and individual defendants by service upon the Secretary of the Commonwealth and by mailing copies of the complaint to the defendants at the last known address in West Germany.

In addition, plaintiff served Raco Machine Company of Bethel Park, Pa., in the same manner. The garnishee had stock certificates of the Raco Company in his possession, and plaintiff attached same as property of the corporate defendant.

Defendants' preliminary objections to the assumpsit complaint merely alleges that the courts of Pennsylvania have no jurisdiction. (The other averments and denials are of facts outside the record.) The preliminary objections admit as true all the well-pleaded averments of the complaint: Philadelphia v. Penn Plastering Corp., 434 Pa. 122, 253 A. 2d 247 (1969).

Is venue properly in Delaware County against a

---

*Exhibit A is a letter from plaintiff from his Delaware County office to defendants, mentioning a "conversation" with one of the defendants, a 'power of attorney' and 'necessary affidavits' to institute Complaint."

foreign corporation and foreign residents who did business in Pennsylvania? The complaint, in fact, indicates that business was done in Delaware County.

Venue and service as to nonresidents (individuals) are covered under the Pennsylvania Rules of Civil Procedure provisions.

Rule 2077, provides that the rules apply to

"(1) actions as to which the laws of this Commonwealth authorize service of process upon a nonresident;" . . .

And (2) where such service is authorized "upon a non-resident individual engaged in business within the Commonwealth."

Rule 2078, applies to *venue* in nonresident actions:

The action permitted under Rule 2077, supra, shall be commenced in and only in:

". . .

"(2) the county in which the cause of action arose."

Clearly, the cause of action against the individual defendants was the alleged breach of the services contract because of nonpayment. The attorney was engaged at his office in Delaware County, paid a retainer there, and was to be paid additionally on set terms after completion of his services. The performance of payment could only be concluded by receipt of payment by the attorney in Delaware County. The nonreceipt of payment gave rise to the cause of action.

Additionally, the complaint averred facts indicating that defendants did business in Delaware County.

As to corporations, Rule 2179, venue, provides for venue "(3) [in the] county where the cause of action arose;" or "(4) [in] a county where a transaction or occurrence took place out of which the cause of action arose."

Service of process upon the Secretary of the Com-

monwealth is provided in Rule 2180(c), as to foreign corporations.

Therefore, venue is properly in Delaware County, and service was properly made upon defendants. The objections to the assumpsit complaint must be dismissed.

Defendants' preliminary objections to the action of foreign attachment have no merit, since they are based upon factual allegations made by defendants that the stock of Raco Company held by the garnishee has no value because the Raco Company was recapitalized. Such factual and legal averments are outside of the record and cannot be considered on preliminary objections: Fredericks v. Hamm, 45 D. & C. 2d 687, 9 Adams 190 (1968). See also Cromwell v. D. & D. Construction Co., 89 Dauph. 391 (1968), where venue was involved.

Since factual issues are apparent, the preliminary objections as to the foreign attachment must also be dismissed. Wherefore, we enter the following

### ORDER

And now, February 14, 1974, defendants' preliminary objections as to no. 6533 of 1973 and no. 6683 of 1973 are overruled and dismissed.