City of Philadelphia *v.* B. Axe Company, Samuel Alper and Isadore Dion. Samuel Alper, Appellant.

258

Argued September 28, 1978, before Judges CRUM-
LISH, JR., DiSALLE and MACPHAIL, sitting as a panel of
three.

*Michael J. Rutenberg,* with him *Rutenberg, Ruten-
berg, Rutenberg & Rutenberg,* for appellant.

*Stewart M. Weintraub,* Deputy City Solicitor, with
him *Sheldon L. Albert,* City Solicitor, and *Beryl E.
Hoffman,* Deputy City Solicitor, for appellee, City of
Philadelphia.

*Alan Dion,* with him *David Durben & Associates,
P.C.,* for appellee, Isadore S. Dion.

OPINION BY JUDGE MACPHAIL, February 1, 1979:

City of Philadelphia (City) filed a complaint in equity against B. Axe Company (Company), Samuel Alper, Isadore Dion and Doris Dion requesting the Court of Common Pleas of Philadelphia County to: (1) enjoin the defendants from transferring any of their assets; (2) decree the defendants as trustees *ex maleficio* of wage taxes due the City and unpaid by the Company; and (3) order the defendants to pay the taxes alleged to be due to the City. Subsequently, the City withdrew its complaint against Isadore and Doris Dion, but Alper then joined Isadore Dion as an additional defendant. The Company never filed an answer to the City's complaint, and it appears from the record and the briefs that for all practical purposes the Company has no assets.

After a non-jury trial, the lower court adjudged Alper and the Company jointly and severally liable for the unpaid wage taxes and ordered them to pay those taxes to the City. The Court dismissed the complaint against Isadore Dion. Alper filed exceptions to the decree nisi, which exceptions were subsequently overruled except as to the amount of tax actually due the City. This appeal followed.

We find substantial evidence in the record to support the findings of the Court below which we here summarize in narrative form. Between December, 1971, and February, 1973, the Company failed to pay to the City certain wage taxes which the Company withheld from its employees. Alper was the Company's chief operating officer and Isadore Dion was the Company's secretary. Alper was physically present on the premises of the Company at all relevant times and exercised his authority by hiring and firing employees, reviewing and signing all tax returns (including the returns for the unpaid wage taxes at issue here), sign-

ing payroll checks, executing contracts, negotiating with contractors and suppliers, signing checks for the payment of expenses, obtaining loans, consulting the Company's books and records and otherwise acting as manager and administrator of the Company. Alper signed checks for the payment of the Company's expenses with knowledge that wage taxes withheld from the Company's employees had not been paid to the City.

Dion was authorized to sign checks for the Company, which authority he exercised only twice. Otherwise, he exercised no control over the corporation and was rarely, if ever, physically present on the premises of the Company.

In his appeal to this Court, Alper contends that: (1) there is no res upon which to impress a constructive trust; (2) he was not an active and controlling officer because he did not prepare the payroll and the tax returns; and (3) if he is liable, Dion is jointly liable because he, Dion, exercised his authority to sign checks.

The sole issue raised by the pleadings in this case is whether certain individuals are responsible for the unlawful withholding of funds, *not* whether the funds were withheld in fact. Although Alper contends that no res exists upon which a constructive trust could be impressed, Judge FORER, in ruling on Alper's exceptions, noted that none of the defendants had denied that taxes had been withheld from the Company's employees and not remitted to the City. This case is clearly distinguishable from *Philadelphia v. Mancini*, 431 Pa. 355, 246 A.2d 320 (1968) where the Supreme Court of Pennsylvania dismissed a similar suit because there was no trust res proven at trial. Rather, the case before us now is controlled by our Supreme Court's decision in *City of Philadelphia v. Penn Plas-*

*tering Corp.,* 434 Pa. 122, 253 A.2d 247 (1969). There, Mr. Justice Cohen, speaking for a unanimous Court, held:

> The City's complaint in the instant matter clearly alleges the collection of such wage taxes from the employees, thereby establishing the trust *res,* which *res* the complaint further alleges belonged to but was not delivered to the City and that defendant Ritter was the active and controlling officer of the corporation.

434 Pa. at 124, 253 A.2d at 248.

The City's complaint here is drawn almost identically to the one in *City of Philadelphia v. Penn Plastering Corp., supra.* Based on the City's complaint, Judge Forer's finding that the withholding of funds had not been denied and the Supreme Court's decision in *City of Philadelphia v. Penn Plastering Corp., supra,* we hold that a trust res did exist upon which a constructive trust could be impressed.

Our disposition of Alper's second and third contentions is likewise controlled by *Philadelphia v. Penn Plastering Corp., supra.* Concerning the liability of individual officers of the corporation, the Court held that a corporation which in the course of its operations collects taxes as an agent for a city and fails to pay those taxes owed to the city is a trustee *ex maleficio* and that individual active and controlling corporate officers are responsible for the performance of that trust duty by the corporation. Where such persons fail to perform that duty, the individuals are trustees *ex maleficio* as well as the corporation.

Thus, it was the duty of the lower court to determine from the evidence it heard who such active and controlling corporate officers were in the instant case. From the summary of the evidence we have previously set forth in this opinion, it is abundantly clear that

Alper was the active, controlling corporate officer of the Company. It is just as clear that Dion was not actively engaged in the management, operation, direction and control of the Company and therefore would not be responsible to the City for the unpaid taxes.

We affirm.

ORDER

AND Now, this 1st day of February, 1979, the order of the Court of Common Pleas of Philadelphia County, Trial Division, dated June 3, 1977, and entered to No. 1190 September Term 1973, is affirmed.