City of Philadelphia *v.* A.B.C. Express Company et al.  Richard Rueda, Appellant.

Argued April 5, 1984, before Judges WILLIAMS, JR., MACPHAIL and DOYLE, sitting as a panel of three.

*Jeffrey Meyers*, with him, *John F. X. Fenerty, Charleston & Fenerty, P.C.*, for appellant.

*Vanessa J. Lawrence*, Assistant City Solicitor, with her, *Mark A. Aronchick*, City Solicitor, for appellee.

OPINION BY JUDGE MacPHAIL, July 17, 1984:

Richard Rueda (Appellant) appeals from the order of the Court of Common Pleas of Montgomery County which enjoined Appellant from transferring his assets until he paid wage taxes, interest and penalties[1] owed to the City of Philadelphia (Appellee).

On February 7, 1979, Appellee filed a complaint in equity against A.B.C. Express Company (Company) and its officers, Sidney Forstater, Robert M. Taddei and Appellant, requesting that the common pleas court 1) enjoin the officers from transferring their assets; 2) decree the officers as trustees *ex maleficio* of wage taxes owed to Appellee and unpaid by the Company; and 3) order the officers to pay taxes owed to Appellee.[2]

When the case was called for trial, counsel for the Appellee offered the pleadings into evidence and rested. Appellant's evidence consisted of his deposition and brief oral testimony in his own behalf. The trial court thereafter filed its adjudication, finding, *inter alia*, the following fact which is the crucial issue in the instant appeal to this Court:

8. The City of Philadelphia mailed notice of the assessment of Wage Taxes to defendant Rueda on or about November 27, 1972.

---

[1] Wage and Net Profits Tax Ordinance, Philadelphia, Pa., Code §19-1500 *et seq.* (1973).

[2] At the time of the equity trial, Appellant was the only defendant because the Company went bankrupt and the other defendant officers settled with Appellee.

Based upon its findings of fact, the trial court concluded that Appellant as an officer of the Company was personally responsible as trustee *ex maleficio* for wage taxes withheld by the Company and since he failed to pursue his administrative remedy of appealing the tax assessment to the Tax Review Board of the City of Philadelphia, he was precluded from raising any defenses to that assessment in the Appellee's equity suit in the trial court. That court, en banc, dismissed the Appellant's exception to the chancellor's decree nisi. The appeal to this Court from that order followed.

It has been Appellant's contention throughout the case that he never received notice of the assessment, therefore, he could not have appealed to the Tax Review Board and should not be held liable for the taxes in dispute.

The only evidence offered by the Appellee that it *sent* the tax assessment notice to Appellant was its allegation in the complaint which read as follows:

> Notice of the aforesaid assessment was duly mailed to the Defendants on or about November 27, 1972. The Defendants failed to file a Petition for Review of the aforesaid assessment with the City of Philadelphia Tax Review Board as permitted under Section 19-1702 of the Philadelphia Code.

Appellant answered the complaint and his response to the aforesaid paragraph was as follows:

> Denied. After reasonable investigation, the answering Defendant denies having sufficient knowledge to form a belief as to the truth of the allegations set forth in paragraphs 8.-21. of Plaintiff's complaint and strict proof thereof is demanded at time of trial.

The trial court held that Appellant's denial by way of a demand for proof under Pa. R.C.P. No. 1029(c)[3] was inadequate because it did not specifically deny that Appellant received notice of an assessment or that Appellant failed to appeal to the Tax Review Board. There can be no dispute that the trial court was correct when it held that Appellant's answer was insufficient under Rule 1029(c) to constitute a specific denial that Appellant had not appealed his assessment, for the obvious reason that Appellant is the only one who would know whether or not he did file such an appeal.[4] The Rule cannot be invoked if the averment in the complaint is one which the person answering must know to be true or false. *Cercone v. Cercone,* 254 Pa. Superior Ct. 381, 386 A.2d 1 (1978).

The situation with respect to the allegation that notice of assessment was *sent,* however, is somewhat different. As we have noted, Appellee offered no proof that the notice was sent other than its allegation in the complaint and the Appellant's response thereto. We must agree with Appellant that unless timely notice was sent to him, he has no responsibility for the taxes.

Both the trial court and Appellee rely heavily upon *City of Philadelphia v. Kenny,* 28 Pa. Commonwealth Ct. 531, 369 A.2d 1343, *cert. denied,* 434 U.S. 923 (1977), *reh'g denied,* 434 U.S. 1025 (1978) to hold that Appellant's denial is, in effect, an admission because

---

[3] Pa. R.C.P. No. 1029(c) provides in part:

An averment shall be deemed to be denied if proof thereof is demanded and the pleader states either (1) that after reasonable investigation he is without knowledge or information sufficient to form a belief as to the truth of the averment, or (2) that he is without such knowledge or information because the means of proof are within the exclusive control of an adverse party or hostile person.

[4] In fact, Appellant admitted in his testimony that he did not appeal the assessment.

Rule 1029(c) was misused by Appellant. In *Kenny*, 28 Pa. Commonwealth Ct. at 542, 369 A.2d at 1350, the City alleged:

> The City of Philadelphia made assessments from the earnings information supplied to the City of Philadelphia by the Federal Agency, and the defendant was notified of such assessments from which the defendant failed to file a petition for review with the Philadelphia Tax Review Board as permitted under Section 19-702 of the Philadelphia Code.

The taxpayer's response was

> Denied. Defendant is without sufficient knowledge or information *concerning how the City of Philadelphia made its assessments,* although it is believed the City of Philadelphia has no valid basis for making any assessment whatsoever. Strict proof of *this* allegation is demanded at trial. (Emphasis added.)

*Id.* at 543, 369 A.2d at 1350. This Court held that Rule 1029 had been improperly invoked for three reasons including the fact that the taxpayers would certainly know without further proof whether they filed a petition for review and whether they had *received* notice of the assessments.[5] It will readily appear that there is an important difference between the allegations in *Kenny* and that in the instant case. The Appellee here did not aver that Appellant was notified, *i.e.* did receive, notice of the assessment; rather, the Appellee's allegation here was that a notice was *sent* to Appellant. Even though Appellant would be obliged to say whether or not he *received* the notice, he was, in our opinion, within his procedural rights in demanding

---

[5]The court also observed that the denial was directed solely to how the assessments were made and that the denial failed to conform with the language of the Rule.

proof that, in fact, notice of the assessment was sent to him.

Since all that follows in the case hinges upon whether or not proper notice of the assessment was *sent* to Appellant and proof thereof not having been offered by Appellee, we conclude that the trial court erred as a matter of law when it granted Appellee's prayer for equitable relief.

### ORDER

The order of the Court of Common Pleas of Montgomery County entered November 8, 1982 to No. 79-1908, Civil Action—Equity, is reversed.