539 A.2d 468

City of Philadelphia *v.* Walter R. Hertler, Officer of Bainbridge Green Corp., t/a Shippens and Morton Malamet, Officer of Bainbridge Green Corp., t/a Shippens. Walter R. Hertler, Appellant.

Submitted on briefs February 25, 1988, to Judges DOYLE and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Edward A. Taraskus,* for appellant.

*Phyllis J. McHale,* Assistant City Solicitor, for appellee.

OPINION BY JUDGE DOYLE, March 18, 1988:

This is an appeal by Walter Hertler from an order of the Court of Common Pleas of Philadelphia County which granted the motion of the City of Philadelphia (City) for judgment on the pleadings. The effect of the trial court's order was to declare Hertler a trustee *ex maleficio* and, hence, adjudicate him as personally responsible for delinquent wage taxes collected by a now defunct corporation, Bainbridge Green Corporation t/a Shippens (Corporation), for which he served as president. The sum in dispute is $13,480.61 plus interest and penalties.

In its complaint, the City alleged that pursuant to the City Wage and Income Tax Ordinance, a tax is imposed upon all salaries, wages, commissions and other compensation received for work done or services rendered in the City. Further, Section 19-1504 of the Philadelphia Code provides that each employer who employs one or more persons within the City shall deduct wage taxes, file wage withholding tax returns with the City, and remit the tax due to the City. It is alleged that the Corporation employed one or more persons to whom it paid compensation in the years 1976 to 1980

inclusive, and that wages were withheld from those employees by the Corporation. It is also alleged that such wages were not remitted to the City. According to the City's complaint, the Corporation has failed or refused to pay the sums in dispute. Further, the Corporation at no time filed a petition for review with the Philadelphia Tax Review Board. The City has demanded payment from the Corporation but it has failed to remit said sums. Further, it is specifically alleged in paragraph 14 of the complaint, "Defendant [Hertler] as an officer of [the Corporation] operated and managed said corporation and had control of the withholding and payment of the wage withholding taxes during the relevant time period." Hertler denied this allegation as follows "It is specifically denied that answering defendant had control of the withholding and payment of wage withholding taxes. On the contrary, any control of the withholding and payment of wage withholding taxes, if any, was within the Secretary or Treasurer of the corporation or some other individual." Finally, the complaint alleges that the taxes withheld are the property of the City and prays that the Court declare Hertler as a trustee *ex maleficio* of the wage taxes due the City.

In his answer to the complaint, Hertler, while admitting that he had been president of the Corporation, responded to virtually every paragraph of the complaint, with the exception of Paragraph 14, by denying each allegation generally, or by pleading that the allegation constituted a conclusion of law to which no answer was required. Further, Hertler, by way of new matter, alleged that the City had failed to state a cause of action, and that its action was barred by Section 5527 of the Judicial Code, 42 Pa. C. S. §5527, (providing a six year statute of limitations for certain actions), laches, and failure to exhaust administrative remedies. Additionally, in new matter Hertler stated that "At no time relevant

herein did answering defendant collect, handle, manage, control or convert to his own use any money or taxes due plaintiff."

Subsequent to the close of the pleadings, the City filed a motion for judgment on the pleadings to which Hertler filed an answer. The trial court granted the City's motion on the theory that Hertler had failed to exhaust his administrative remedies. The lower court also determined that the defenses of the statute of limitations and laches were inapplicable here, and that there were no factual issues in dispute which would preclude the entry of judgment on the pleadings. Accordingly, it granted the City's motion and the instant appeal ensued.

Before us, Hertler raises four questions for our consideration that can be summarized as follows: (1) whether the doctrine of failure to exhaust administrative remedies before the City's Tax Review Board precludes Hertler from raising defenses in the City's complaint in equity, (2) whether the trial court erred in determining that the City's claim was not barred by the statute of limitations, (3) whether the trial court erred in rejecting Hertler's defense of laches, and (4) whether the trial court erred in granting the motion because there allegedly are unresolved factual questions.

Considering first the question of failure to exhaust administrative remedies, Hertler takes the position that the Corporation may have had a right to petition the Tax Review Board of the City to contest the assessment, but that, absent an allegation by the City that *he* had notice of the assessment, he had no obligation to do so. We agree. The City assumes Hertler to be a controlling officer with knowledge of the Corporation's tax responsibilities. Hertler denies this. The City's position that notice to the Corporation was notice to Hertler must,

therefore, fail.[1] We believe that where the complaint is one in equity and is brought by the City and where the City does not allege notice of the assessment as to a corporate officer, but only as to the Corporation, the officer has the right in his answer to question both the amount due and his ultimate liability for the taxes, and need not have filed a petition with the Tax Review Board. *Accord City of Philadelphia v. ABC Express Co.*, 84 Pa. Commonwealth Ct. 1, 478 A.2d 527 (1984).[2]

Next, Hertler contends that the City's claim is barred by the statute of limitations. We, however, agree with the trial court that, pursuant to Section 19-510(1)(c) of the Philadelphia Code, a six-year statute of limitations is not applicable to the wage withholding taxes where one who is alleged to be a trustee has failed to remit sums due the City. Section 19-510(1)(c) of the Philadelphia Code specifically limits a suit to recover any tax authorized by Section 19-1504 to six years after the tax is due or within six years after a report has been filed. Subsection (c), however, provides that the six year limitation shall not apply "where the taxpayer has collected or withheld tax funds or monies of any nature or description under this Title as an agent or trustee for the City, and has failed, neglected or refused to pay the amount so collected or so withheld to the City." Although the sums due here were for the period between

---

[1] The City alleges in its brief that certain self-assessed tax forms submitted to it and signed by Hertler are evidence of notice to Hertler. Such facts were not pled, and, hence, cannot be considered for purposes of ruling upon the motion for judgment on the pleadings. *Keil v. Good,* 467 Pa. 317, 356 A.2d 768 (1976).

[2] We find the cases relied upon by the trial court to be distinguishable. They did not involve attempts to declare corporate officers trustees *ex maleficio* and, hence, did not concern the question of whether notice to a corporation was *per se* notice to an officer of a corporation.

1976 and 1980, the City did not file its complaint until January 14 of 1985. Nonetheless, we believe that the allegations of the complaint fit this case squarely within Section 19-510(1)(c) of the Philadelphia Code and, accordingly, conclude that the statute of limitations defense is inapplicable here.

In a related argument, Hertler contends that the defense of laches is applicable to this case. We, however, believe that Section 19-510(1)(c) operates in this case in such a manner so as to preclude Appellant from raising the defense of laches. Further, we note that Hertler in his answer merely alleged generally that the defense of laches existed without explaining in any manner why such defense should be applicable here. Therefore, we agree with the trial court's ruling on this issue.

Finally, we must consider whether disputed facts exist that would preclude the entry of judgment on the pleadings. In ruling on a motion for judgment on the pleadings, a court may consider only the pleadings themselves and any documents attached thereto. *Keil.* Further, for purposes of the motion, all well pleaded allegations of the party opposing the motion must be accepted as true, while only those facts specifically admitted by the party opposing the motion may be considered against him. *Id.* And, in order to succeed on a motion for judgment on the pleadings, the moving party's right to prevail must be so clear that a trial would be fruitless. *Id.* As previously noted, the bulk of Hertler's answer to the City's complaint consisted of general denials. Specifically, Hertler repeatedly responded, "[a]fter reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of [the particular paragraph]." Pa. R.C.P. No. 1029 pertinently provides:

(a)  A responsive pleading shall admit or deny each averment of fact in the preceding pleading

or any part thereof to which it is responsive. A party denying only a part of an averment shall specify so much of it as is admitted and shall deny the remainder. Admissions and denials in a responsive pleading shall refer specifically to the paragraph in which the averment admitted or denied is set forth.

(b)   Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication. A general denial or a demand for proof, except as provided by subdivision (c) of this rule, shall have the effect of an admission.

(c)   A statement by a party that after reasonable investigation the party is without knowledge or information sufficient to form a belief as to the truth of an averment shall have the effect of a denial.

It is clear from the above rule that a general denial has the effect of an admission, unless the denial falls within the exception appearing in subsection (c) of the rule. Admittedly, Hertler's answer parrots the language appearing in subsection (c). The official note to subsection (c), however, provides that reliance upon subsection(c) does not excuse a failure to deny or admit factual allegations when it is clear that the pleader must know if the allegations are true or not. (Citing *Cercone v. Cercone*, 254 Pa. Superior Ct. 381, 386 A.2d 1 (1978)).

Keeping in mind that Hertler admitted that he had been president of the Corporation, we believe that his use of rule 1029(c) was improper to deny allegations such as whether the corporation had any employees between the years 1976 to 1980. But, we do not believe that deeming certain general denials in the answer to be admissions compels a legal conclusion that judgment on the pleadings should be entered in favor of the City.

This is because Hertler in his answer to paragraph 14 quoted above *specifically* denied that he had control of the withholding and payment of wage taxes and further asserted that control of such matters was within the control of the Secretary or Treasurer or some other individual.

Case law clearly holds that corporate officers who are responsible for the performance of the duty to collect taxes, and who were in control of the corporation's funds and tax accounts can be held liable as trustees *ex maleficio*. *Philadelphia v. Penn Plastering Corp.*, 434 Pa. 122, 253 A.2d 247 (1969). Procedurally, *Penn Plastering* involved a demurrer to the City's complaint which requested the court to hold Joseph Ritter a trustee *ex maleficio*. Ritter had been the president and director of a corporation. The complaint averred that Ritter permitted and directed the corporation to use and convert the taxes that the corporation withheld and that he participated in such conversion. It further averred that Ritter in his capacity as president and director of the corporation was actively engaged in the management, operation, direction and control of the corporation and had full and complete control of its business activities, bank securities, assets, collections, payment of taxes and preparation and filing of returns. The Court, in *Penn Plastering*, merely held that such allegations did, as a matter of law, state a cause of action. *City of Philadelphia v. B. Axe Co.*, 40 Pa. Commonwealth Ct. 257, 397 A.2d 51 (1979), another tax case involving an attempt to declare certain trustees *ex maleficio*, arose in the context of an appeal from a trial court order granting the City's requested relief after a full trial. *B. Axe* makes it clear that individual active and controlling corporate officers are responsible as trustees to collect and remit the City's taxes. It also makes it clear that the issues of whether a particular officer is

active and controlling in the corporation and whether he had the responsibility or control over the collection and remitting of taxes are ones of fact. Thus, we must conclude that where such control is denied specifically, as in the instant case, judgment on the pleadings is unwarranted.

Accordingly, because we have determined that a genuine issue of material fact exists, we hold that the trial court committed an error in granting the City's motion. Thus, we will remand this case for trial.

## ORDER

NOW, March 18, 1988, the order of the trial court in the above-captioned matter is hereby reversed and this case is remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.

Senior Judge KALISH dissents.