## CITY OF PHILADELPHIA

v.

## Robert W. PETHERBRIDGE, Officer of Janbridge, Inc., Henry D. Petherbridge, Officer of Janbridge, Inc., and Martin V. Jansen, Officer of Janbridge, Inc.

### Appeal of Robert W. Petherbridge.

Commonwealth Court of Pennsylvania.

Argued June 7, 2001.
Decided July 24, 2001.

---

William T. Renz, Doylestown, for appellant.

Frank Paiva, Jr., and Marissa M. O'Connell, Philadelphia, for appellees.

Before DOYLE, President Judge, FRIEDMAN, Judge, and MIRARCHI, Jr., Senior Judge.

FRIEDMAN, Judge.

Robert W. Petherbridge (Appellant) appeals from the July 7, 2000 order of the Court of Common Pleas of Philadelphia County (trial court) denying Appellant's motion for post-trial relief. Appellant filed his motion for post-trial relief in connection with the trial court's June 26, 2000 order entering judgment against Appellant and in favor of the City of Philadelphia (City). The amount of the judgment was $214,029.00, representing unpaid corporate wage withholding taxes, and interest and penalties thereon, for the period from 1989 through October 1993. We affirm.

Appellant was president of Janbridge, Inc. (Janbridge) from 1989 until October 1993. (Findings of Fact, Nos. 1, 3, 6.) As president, Appellant had the power to sign checks on behalf of Janbridge. (Findings of Fact, No. 4.) Janbridge failed to pay the City any wage withholding taxes from 1989 through 1993, and the City sought restitution, interest and penalties with respect thereto. (Findings of Fact, No. 11.)

The trial court held a non-jury trial, during which the City presented Exhibit C–2 as evidence of the amount of unpaid corporate wage withholding taxes for the period from 1989 to October 1993. Appellant objected to the admission of Exhibit

C–2 based on Rule 1006 of the Pennsylvania Rules of Evidence.[1] Appellant argued that Exhibit C–2 was merely a computer-generated summary of Appellant's filings with the City and that the City had not made the originals available for examination. (R.R. at 191a–92a.) The trial court did not agree that Exhibit C–2 was the type of summary contemplated by Rule 1006, but the trial court withheld a ruling pending research on the issue. (R.R. at 191a–93a, 197a.) On June 26, 2000, the trial court entered a Memorandum and Order finding against Appellant in the amount of $214,029.00.

Appellant filed a motion for post-trial relief, which was denied. Upon Appellant's filing of an appeal to this court and a concise statement of the matters complained of, the trial court issued an opinion. In its November 20, 2000 opinion, the trial court defended the admission of Exhibit C–2. The trial court pointed out that, under Rule 1004 of the Pennsylvania Rules of Evidence, an original is not required, and other evidence of the contents of a writing is admissible, where, as here: (1) all originals have been lost or destroyed, and it was not done in bad faith;[2] and (2) no original can be obtained by any available judicial process or procedure. (Trial court op. at 6.) The trial court also pointed out that Exhibit C–2 was admissible under Rule 803(6) of the Pennsylvania Rules of Evidence[3] and the Uniform Business Rec-

---

1. Rule 1006 provides, in pertinent part, as follows:

   The contents of voluminous writings . . . . which cannot conveniently be examined in court may be presented in the form of a . . . . summary. . . . . The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at reasonable time and place. The court may order that they be produced in court.

2. The City stored the original documents in a facility on Broad Street. (R.R. at 82a–83a.)

When that storage facility was filled to capacity, the City discarded the documents pursuant to policy. (R.R. at 84a.) As a result, the City does not have any documents filed prior to 1997. (Findings of Fact, Nos. 17–20.) Moreover, Janbridge does not possess any of the documents that it filed with the City. (Findings of Fact, No. 23.)

3. Rule 803(6) states that records of regularly conducted activity are not excluded by the hearsay rule.

ords as Evidence Act.[4] As to the merits, the trial court explained that Appellant, as president of the corporation, was a trustee *ex maleficio*[5] with respect to the unpaid corporate wage withholding taxes. (Findings of Fact, No. 24; trial court op. at 9–10.)

■ On appeal,[6] Appellant first argues that the trial court violated Rule 1006 by admitting into evidence the City's Exhibit C–2, the only evidence relating to the amount of unpaid corporate wage withholding taxes. We disagree.

Rule 1006 states, in part, that the contents of voluminous writings which cannot conveniently be examined in court may be presented in the form of a summary. Thus, for Rule 1006 to apply here, we must be able to characterize Exhibit C–2 as a summary of the contents of a voluminous writing. A summary is "a *short* restatement of the *main points*" of a single document. Webster's Third New International Dictionary 2289 (1993) (emphasis added).

■ Exhibit C–2 consists of computer-generated reports. Two reports, entitled "Annual Reconciliation of Wage Tax," show *all* of the data contained on the Wage Tax Reconciliation forms filed by Janbridge for the periods ending December 31, 1991 and December 31, 1992.[7] (R.R. at 218a–19a; S.R.R. at 2b–4b.) Because each of the "Annual Reconciliation of Wage Tax" reports is a *complete* restatement of *every* item found in a particular document, the two reports are not summaries at all.

■ Another report, entitled "Account Liability," contains three pages showing the calculated tax liability of Janbridge for the period from 1987 to 1995.[8] (R.R. at 215a–17a.) The report includes columns showing various amounts for "principal," "interest" and "penalty." The "principal" is the balance due for each period shown on the report. It is the result of a calculation performed on figures entered into the computer's accounting system from Janbridge's many filings. (*See* R.R. at 207a–214a.) The "interest" and "penalty" amounts are the result of additional computations. In other words, the figures in the "Account Liability" report are *not* a short restatement of the contents of *any* particular document; they are calculated amounts not found in *any* original document filed by Janbridge with the City.

■ The final report, entitled "Account Detail," contains nine pages showing de-

**4.** The Uniform Business Records as Evidence Act states that a record of an act shall be competent evidence if a qualified witness testifies to its identity and the mode of its preparation, if it was made in the regular course of business at or near the time of the act and if the tribunal believes the sources of information, method and time of preparation were such as to justify its admission. 42 Pa.C.S. § 6108(b).

**5.** *"Ex maleficio"* is defined as "from or growing out of wrongdoing;" it is synonymous with malfeasance. Black's Law Dictionary 575 (6th ed.1990).

**6.** Our scope of review of an order of a trial court denying a motion for post-trial relief is limited to whether the trial court abused its discretion or committed an error of law. *Morgan Signs, Inc. v. Department of Transportation,* 723 A.2d 1096 (Pa.Cmwlth.), *appeal denied,* 560 Pa. 677, 742 A.2d 173 (1999).

**7.** Indeed, the trial court found that, whenever the City's Department of Revenue receives a Wage Tax Reconciliation form, the City enters the information into the computer. (Findings of Fact, No. 16.)

**8.** The trial court found that the computer automatically calculates taxes and penalties based on the tax filings. (Findings of Fact, No. 13.)

tails of Janbridge's many tax filings.[9] (R.R. at 206a–14a.) Because the report is a compilation of data taken from the multitude of tax forms filed by Janbridge with the City, the report is *not* a restatement of the main points of a single voluminous writing.

■ Inasmuch as none of the reports in Exhibit C–2 is a summary showing the contents of a particular voluminous writing, Rule 1006 does not apply here. Therefore, the trial court did not violate Rule 1006 in admitting Exhibit C–2 into evidence.[10]

Appellant next argues that the trial court erred in finding that Appellant was a trustee *ex maleficio* with respect to the unpaid wage withholding taxes. We disagree.

■ In *Brown v. Commonwealth,* 670 A.2d 1222, 1224 (Pa.Cmwlth.1996) (quoting *City of Philadelphia v. Penn Plastering Corp.,* 434 Pa. 122, 253 A.2d 247 (1969)) (emphasis added), this court stated:

[A] corporation which in the course of its operations collects taxes as an agent for a city and fails to pay same over to the city is trustee *ex maleficio. Its officers are all trustees ex maleficio and are responsible together with the corporation where they were responsible for the performance of the duty to collect the taxes and were in control of the corporation's funds and tax accounts . . . .*

Whether a particular corporate officer had the responsibility or control over the collection and remitting of taxes is a question of fact. *City of Philadelphia v. Hertler,* 114 Pa.Cmwlth. 475, 539 A.2d 468 (1988). Here, the trial court found that, as president of Janbridge from 1989 to October 1993, Appellant was responsible for the payment of the corporate wage withholding taxes. (Trial court op. at 10.) The record contains the following evidence in support of this finding.

First, the record contains an Application for Philadelphia Business Tax Account Number, signed by Appellant as president of the corporation on December 4, 1991. (S.R.R. at 1b.) The assigned number, 3927399, is for self-assessed taxes like the wage withholding tax. (*See* Findings of Fact, No. 9.) Indeed, the record also contains copies of Janbridge's Annual Reconciliation of Wage Tax form for the years 1989 and 1990. (S.R.R. at 2b–4b.) These forms show account number 3927399 and are signed by Appellant. Finally, the record contains copies of Janbridge's Business Privilege Tax returns for 1989 and 1990. (S.R.R. at 5b–6b.) These returns also show account number 3927399 and are signed by Appellant as president of the corporation. Based on such evidence, a reasonable mind could conclude that Appellant, as president of Janbridge, was responsible for the payment of corporate wage withholding taxes.[11]

9. The trial court found that the computer generates an account detail showing the taxes paid and owed, if any. (Findings of Fact, No. 15.)

10. Appellant also argues in his brief that the trial court erred in concluding that Exhibit C–2 is admissible pursuant to Rule 803(6) and the Uniform Business Records as Evidence Act. (Appellant's brief at 20–24.) However, Appellant did not make these arguments before the trial court; Appellant's only objection to the admission of Exhibit C–2 was based on

Rule 1006. (*See* R.R. at 191a–97a.) Thus, we decline to address whether the trial court erred in concluding that Exhibit C–2 is admissible as a record of regularly conducted activity or a business record. *See* Pa. R.A.P. 302(a) (stating that issues not raised in the trial court are waived and cannot be raised for the first time on appeal).

11. Moreover, because Appellant had authority to sign the company's checks, a reasonable mind could conclude that Appellant was in control of the corporation's funds and tax

Appellant argues that he "had absolutely no responsibility for the wage taxes." (Appellant's brief at 24.) Appellant testified: "I was president but I was not performing the duties. .... I was there putting in the time but I was not performing the operations." (R.R. at 127a, 128a.) However, this testimony is contradicted by the 1989 and 1990 wage tax documents in evidence, signed by Appellant, and by Appellant's admission that he probably signed the company's tax returns from 1991 to 1993.[12] We conclude, then, that the record contains substantial evidence to support the trial court's finding that Appellant was responsible for the payment of corporate wage withholding taxes.

Accordingly, we affirm.

### ORDER

AND NOW, this 24th day of July, 2001, the order of the Court of Common Pleas of Philadelphia County, dated July 7, 2000, is hereby affirmed.

---

accounts. (*See* R.R. at 129a, 134a–35a, 148a, 160a.)

**12.** Appellant testified as follows:

Q. Do you recall if you signed tax returns .... during the period 1991 to 1993?
A. I probably did.
(R.R. at 136a.)