J-S78013-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR CDC MORTGAGE CAPITAL TRUST 2003-HE4 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-HE4, BY ITS ATTORNEY IN FACT, OCWEN LOAN SERVICING, LLC, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSEPH DEPANICIS, JR., AND NANCY DEPANICIS, | |
| Appellants | No. 277 WDA 2016 |

Appeal from the Judgment Entered February 4, 2016
In the Court of Common Pleas of Westmoreland County
Civil Division at No(s):  No. 324 of 2012

BEFORE:  BENDER, P.J.E., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED DECEMBER 20, 2016**

Joseph Depanicis, Jr., and Nancy Depanicis (hereinafter "Appellants"), appeal from the February 4, 2016 judgment entered after the trial court granted a Motion for Summary Judgment filed by Appellee, Deutsche Bank National Trust Company, as trustee for CDC Mortgage Capital Trust 2003-HE4 Mortgage Pass-Through Certificates, Series 2003-HE4, by Its Attorney in Fact, Ocwen Loan Servicing, LLC (hereinafter "Deutsche Bank").  We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

The trial court summarized the procedural history of this case as follows:

A complaint in mortgage foreclosure was filed on January 18, 2012. In said complaint …, Deutsche Bank, alleged that [Appellants], Joseph Depanicis and Nancy Depanicis, were in default of a mortgage securing property that Deutsche Bank assumed in January 2012. The complaint set forth all averments required by Pennsylvania Rule of Civil Procedure 1147. [Appellants] filed an Answer on March 14, 2012. Each averment was denied pursuant to Pennsylvania Rule of Civil Procedure 1029(c) except for the averment relating to [Appellants'] identities and address and the averment relating to the existence of the mortgage.

[Deutsche Bank] filed a Motion for Summary Judgment that was heard and denied without prejudice on February 7, 2014. At that time, there was no proof regarding Act 6 and Act 91 notices. It was stated in the Order of Court that [Deutsche Bank] could refile the summary judgment request upon proof of said notices. [Appellants] also filed a Motion for Leave to Amend Answer and New Matter. This motion was denied by Order of Court dated May 14, 2014. [Deutsche Bank] renewed its Motion for Summary Judgment and filed a Brief in Support of [the] same. [Appellants] filed an Answer to Summary Judgment that [they] served on [Deutsche Bank] at the time of oral argument on January 19, 2016.

Trial Court Opinion (TCO), 1/26/16, at 1-2 (unnumbered).

After the January 19, 2016 hearing, the court issued an order on January 25, 2016, granting Deutsche Bank's Motion for Summary Judgment. On February 4, 2016, judgment was entered in favor of Deutsche Bank in the amount of $107,643.49. Appellants filed a timely notice of appeal, and also timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court filed a Rule 1925(a) opinion on April 14, 2016.

- 2 -

Herein, Appellants present two issues for our review:

1. Did the [trial] [c]ourt … commit an error of law when it denied [Appellants'] Motion for Leave to Amend Answer and New Matter?

2. Did the [trial] [c]ourt … commit an error of law when it granted summary judgment where [Appellants] claimed that they were not, in fact, in default on their mortgage and in support [they] attached their payment history (provided by Deutsche Bank) as an exhibit showing that they made a "Forbearance Payment" of … []$8,300.00[] and that less than one (1) month later Deutsche Bank served them with a foreclosure lawsuit?

Appellants' Brief at 3.

Preliminarily, Deutsche Bank argues, and we are compelled to agree, that Appellants have waived their first issue for our review. Appellants did not raise this claim in their Rule 1925(b) statement, despite the trial court's directive in its Rule 1925(b) order that any issues not raised in the concise statement would be deemed waived. *See* Trial Court Order, 3/1/16. In their Rule 1925(b) statement, Appellants presented one issue, which essentially mirrors the second issue they raise herein. Because they failed to state in their Rule 1925(b) statement any claim pertaining to the trial court's denial of their Motion for Leave to Amend Answer and New Matter, they have waived their first issue for our review. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

In regard to Appellants' second issue, we are guided by the following standard of review:

In reviewing an order granting summary judgment, our scope of review is plenary, and our standard of review is the same as that applied by the trial court. Our Supreme Court has stated the applicable standard of review as follows: [A]n appellate court may reverse the entry of a summary judgment only where it finds that the lower court erred in concluding that the matter presented no genuine issue as to any material fact and that it is clear that the moving party was entitled to a judgment as a matter of law. In making this assessment, we view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. As our inquiry involves solely questions of law, our review is *de novo*.

Thus, our responsibility as an appellate court is to determine whether the record either establishes that the material facts are undisputed or contains insufficient evidence of facts to make out a *prima facie* cause of action, such that there is no issue to be decided by the fact-finder. If there is evidence that would allow a fact-finder to render a verdict in favor of the non-moving party, then summary judgment should be denied.

*Harris v. NGK N. Am., Inc.*, 19 A.3d 1053, 1063 (Pa. Super. 2011) (quoting *Jones v. Levin*, 940 A.2d 451, 452–454 (Pa. Super. 2007) (internal citations omitted)).

In this case, Appellants' argument challenging the trial court's decision to grant Deutsche Bank's Motion for Summary Judgment consists of the following two paragraphs:

On October 5, 2015, Deutsche Bank filed a second Motion for Summary Judgment. [Appellants] filed an Answer to Motion for Summary Judgment, with an attached exhibit, showing that they made a "Forbearance Payment" of eight-thousand-three-hundred dollars ($8,300.00) and that less than one (1) month later Deutsche Bank served them with a foreclosure lawsuit. This foreclosure was prior to the present foreclosure, but the exhibit evidenced a chain reaction of Deutsche Bank['s] holding [Appellants] in default, at least with flawed accounting, at the most, when they were in fact not in default at all. In other

- 4 -

words, the exhibit raised the issue of whether the element of default was even present.

> The [trial] [c]ourt … should not have granted summary judgment in these circumstances, especially with [Appellants'] home at stake. Summary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. **Atocovitz v. Gulf Mills Tennis Club, Inc.**, 812 A.2d 1218 (Pa[.] 2002). In the present case, there was a genuine issue of material fact as to whether [Appellants] were in default. Moreover, the exhibit showing the forbearance payment at least supported an inference that [Appellants] were not in default. Even where there is no dispute concerning the facts, a motion for summary judgment should not be granted where those facts support conflicting inferences. **Washington v. Baxter**, 719 A.2d 733 (Pa. 1998)[.]

Appellants' Brief at 15-16 (citations to the record omitted).

Appellants' reliance on the $8,300 forbearance payment fails to convince us that there is a genuine issue of material fact in this case. The record demonstrates that Appellants made the forbearance payment of $8,300 **on March 17, 2010**. Appellants admit that the foreclosure action filed one month later "was **prior** to the present foreclosure" action, **id.** at 15, which was initiated by Deutsche Bank's filing of a complaint on January 18, 2012. In that complaint, Deutsche Bank stated that Appellants' mortgage was "in default as a result of the failure to pay the monthly installments of $1,178.21 **due on April 1, 2011 and on the same day of each month thereafter**." Complaint, 1/18/12, at 2 ¶ 6 (emphasis added). Appellants do not explain how the March 17, 2010 forbearance payment of $8,300 demonstrated, or even suggested, that they were not in default

- 5 -

between April 1, 2011 and January 18, 2012, when **this** foreclosure action was initiated by Deutsche Bank. Accordingly, the forbearance payment does not convince us that there is a genuine issue of material fact regarding whether Appellants had defaulted on their mortgage payments.

Instead, we agree with the trial court that Appellants' Answer effectively admitted that the mortgage was in default. In its opinion accompanying its order granting Deutsche Bank's Motion for Summary Judgment, the court explained:

> [Appellants'] Answer denied the existence and amount of default on the mortgage pursuant to [Pa.R.C.P.] 1029(c), indicating that after reasonable investigation they were without knowledge or information sufficient to form a belief as to the truth of the matter. In **New York Guardian Mortgage Corp. v. Dietzel**, … 524 A.2d 951, 952 ([Pa. Super.] 1987), the Superior Court held that, "in mortgage foreclosure actions, general denials by mortgagors that they are without information sufficient to form a belief as to the truth of the averments as to the principal and interest owing [on a mortgage] must be considered an admission of those facts." This is because "apart from appellee, appellants are the only parties who would have sufficient knowledge of which to base a specific denial." **Id.** at 429. This position is further supported by the note to subsection (c) of Rule 1029, which provides that "reliance upon subsection (c) does not excuse a failure to deny or admit factual allegations when it is clear that the pleader must know if the allegations are true or not." **City of Philadelphia v. Hertler**, … 539 A.2d 468, 472 ([Pa. Cmwlth.] 1988). Therefore, based on the applicable case law, [Appellants'] general denial of the existence and amount of the mortgage default was actually an admission of the same. As a result, there is no issue of material fact in dispute.

TCO at 3 (unnumbered).

Having reviewed **Dietzel**, we agree with the trial court that it supports a conclusion that Appellants' Answer effectively admitted that the mortgage

- 6 -

was in default.  Additionally, Appellants' forbearance payment does not raise a genuine issue of material fact regarding whether the mortgage was in default.  Accordingly, we ascertain no error in the court's decision to grant Deutsche Bank's Motion for Summary Judgment.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/20/2016