519 A.2d 1088

Arthur T. McDermott, Petitioner *v.* Commonwealth of Pennsylvania, Department of Health, Respondent.

Argued November 20, 1986, before Judges CRAIG, DOYLE and COLINS, sitting as a panel of three.

*Spero T. Lappas, Stefanon* & *Lappas,* for petitioner.

*Michael B. Sutton,* Deputy Attorney General, with him, *Andrew S. Gordon,* Chief Deputy Attorney General, Chief, Litigation Section, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE CRAIG, January 9, 1987:

Arthur T. McDermott, an appointed Commonwealth employee, appeals from an order of the Board of Claims denying him damages for a breach of the Department of Health's alleged promise that it would not abolish his position of Regulatory Coordinator which the department had recently established. We affirm.

On May 9, 1979, McDermott assumed the position of Legislative Counsel in the Department of Health. In July, 1981, the secretary of that department, Dr. H. Arnold Muller, requested McDermott to accept the newly established position of Regulatory Coordinator. The department was establishing that position pursuant to an Executive Order of the Governor. After numerous meetings with the secretary, McDermott assumed the new position on August 12, 1981, without tenure assurance in terms of civil service or collective bargaining agreement coverage.

On November 8, 1982, the secretary advised McDermott that the department was abolishing the position of Regulatory Coordinator as of December 14, 1982.

McDermott filed a complaint against the department in the Board of Claims on June 8, 1983, alleging that he accepted the new position because the secretary had promised him that the position would be permanent and not subject to reclassification, reorganization or abolition. Alleging that the department breached that promise when it furloughed him in December, 1982, McDermott sought damages of $64,000, reflecting his loss of salary during the remaining term of the alleged contract.

This court's scope of review of a Board of Claims decision is limited to determining whether the board committed an error of law or made findings of fact which are not supported by substantial evidence. *Consolidated Rail Corporation v. Pennsylvania Liquor Control Board,* 90 Pa. Commonwealth Ct. 595, 496 A.2d 422 (1985).

McDermott contends that the board erred in finding that the secretary made no promise regarding job permanency because the department admitted, by denying generally in its answer to one of McDermott's complaint allegations that the Secretary had made a promise regarding job permanency. That particular allegation stated:

> 8. The Secretary, as requested, specifically made this promise to Plaintiff.

The department's answer to paragraph 8 was:

8. DENIED.

McDermott contends such a denial had the effect of an admission under Pa. R.C.P. No. 1029(b), which states that "[a] general denial . . . shall have the effect of an admission."

However, in determining whether a party has admitted the material factual allegations of a complaint, the reviewing court should examine the pleadings as a whole. *Cercone v. Cercone*, 254 Pa. Superior Ct. 381, 386 A.2d 1 (1978).

A review of the pleadings reveals that McDermott also alleged in several other complaint paragraphs that the secretary made a promise of job permanency to him. In paragraph 9 of its answer, the department stated that it "DENIED that Mr. Muller made any promises or assurances to McDermott." In paragraph 11 of its answer, the department stated that it "DENIED that Dr. Muller made any promise to McDermott." Although those two denials also are rather general, McDermott does not base his deemed admission claim upon them, and, we note, any assertion as to non-existence cannot normally evoke much detail.

Therefore, in reviewing the pleadings as a whole, we conclude that the Board of Claims did not err when it implicitly refused to apply the deemed admission provision of Pa. R.C.P. No. 1029(b).

Hence, the determinative issue is whether substantial evidence supports the Board of Claims' finding that "[t]he Secretary did not promise or guarantee the Plaintiff [McDermott] that his position would not be abolished."

The record contains conflicting testimony as to whether the secretary promised McDermott that the new position would be protected from reorganization, reclassification or furlough. Although McDermott testified repeatedly that his decision to accept that new position was premised upon the secretary's promise of job permanency, the secretary stated that "[m]y testimony is that I made no promise to Mr. McDermott relative to protecting him from reorganization, reclassification or furlough." Although this court might have resolved the

conflicting evidence differently, we are bound by the decision of the Board of Claims which found the secretary's testimony more credible than that of McDermott.

Because the Board of Claims determined that the secretary made no promise to McDermott regarding job permanency, we will not address the question of whether the secretary had the authority to guarantee job permanency to a non-tenured employee.

Accordingly, we must affirm the order of the Board of Claims.

ORDER

Now, January 9, 1987, the order of the Board of Claims, Docket No. 890, dated September 25, 1985, is affirmed.