587 A.2d 357

COMMONWEALTH of Pennsylvania, by Ernest D. PREATE, Jr., Attorney General, Plaintiff,

v.

RAINBOW ASSOCIATES, INC. t/a/d/b/a B.J. Liberty Associates, Inc. et al., Defendants.

Commonwealth Court of Pennsylvania.

Heard Jan. 31, 1991.

Decided Feb. 12, 1991.

Publication Ordered Feb. 25, 1991.

See also 132 Pa.Cmwlth. 186, 572 A.2d 256.

Mary Beth O'Hara Osborne, Deputy Atty. Gen., with her, Mollie A. McCurdy, Chief Deputy Atty. Gen., Harrisburg, for plaintiff.

Carmen A. Cavacini, Holmes, for defendants, Catholic Knights of St. George Police and Firemen Branch 369 and John Basciano.

Michael DeFino, Philadelphia, for defendants, Retired Police, Firemen and Prison Guards Ass'n of Philadelphia.

William J. Winning, Media, for defendants, Rainbow Associates, et al.

Eugene Kellis, Trevose, for defendants, Fraternal Order of Constables of Pa., et al.

PALLADINO, Judge.

Presently before this court is the motion for judgment on the pleadings of Attorney General Ernest Preate, Jr. (Attorney General), against defendants Rainbow Associates, Inc., Lawrence K. White and James D. Massella (collectively, Defendants).[1] The motion is denied.

The Attorney General filed a complaint which alleges that Defendants sold tickets to events and advertising space in publications on behalf of several organizations which held themselves out as charitable. The complaint states that the Defendants:

1. Violated sections 3 and 10 of the Charitable Organization Reform Act (Charities Act), Act of April 30, 1986, P.L. 107, *as amended*, §§ 161.3 & 161.10, by acting as professional solicitors without filing a registration statement or bond.

2. Violated section 14(b) of the Charities Act, 10 P.S. § 161.14(b), by misrepresenting to contributors that contributions would be used for charitable purposes.

3. Violated section 3 of the Unfair Trade Practice and Consumer Protection Law, Act of December 17, 1968,

---

1. The Attorney General names nine defendants in his complaint. The proceedings as to the six defendants not named in the motion for judgment on the pleadings are not presently before this court.

P.L. 1224, *as amended,* 73 P.S. § 201–3, by misrepresenting and omitting material facts during their solicitation activities.

Defendants filed an answer to the complaint, in which they denied that the monies received were contributions, asserting rather that the monies were payments for tickets and advertising. Defendants also denied that they made any misrepresentations.

The Attorney General filed the instant motion for judgment on the pleadings. A motion for judgment on the pleadings may only be granted where no material facts are at issue and the law is so clear that a trial would be fruitless. *Commonwealth v. Seymour,* 120 Pa.Commonwealth Ct. 423, 549 A.2d 246 (1988). All facts properly pleaded by the non-moving party are to be accepted as true. *Id.*

The Attorney General's sole argument supporting the motion is that Defendants have failed to specifically deny allegations in the complaint as required by Pa.R.C.P. No 1029(b) & (c), which provides in pertinent part:

(b) Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication. A general denial or a demand for proof, except as provided by subdivision (c) of this rule, shall have the effect of an admission.

(c) A statement by a party that after reasonable investigation the party is without knowledge or information sufficient to form a belief as to the truth of an averment shall have the effect of a denial....

The Attorney General lists a series of Defendants' answers which restate the respective allegation of the complaint and state that it is denied (first set of answers). He asserts that these answers are general denials. The Attorney General also lists a series of Defendants' answers which state that after reasonable investigation they are without knowledge or information sufficient to form a belief at to the truth of the respective allegation (second set of an-

swers). The Attorney General contends that Defendants have sufficient information to answer these allegations.

The Attorney General asserts that these specifically listed answers fail to comply with Pa.R.C.P. 1029 and that by operation of the rule they should be deemed admitted. The Attorney General further contends that "[b]etween the general denials which are deemed to be admissions by operation of law and the actual allegations to which [D]efendants responded 'admitted,' a clear case of liability has been established." Attorney General's Memorandum of Law in Support of Motions for Judgment on the Pleadings, at 23.

The Attorney General has misperceived the threshold requirement for judgment on the pleadings. It is not sufficient that the admitted facts examined in isolation may establish liability. The Attorney General must show that no material facts are at issue. From our review of the pleadings, excluding for the moment the answers which the Attorney General asserts must be deemed admitted, it is abundantly clear that material facts are at issue.[2] Because material facts are at issue the motion for judgment on the pleadings is denied.[3]

Although we have disposed of the only motion before this court, we feel compelled to briefly address the Attorney General's contentions that Defendants failed to comply with Pa.R.C.P. No. 1029. As to the first set of answers, the

**2.** The following are some of the material facts still at issue:

(1) Whether defendants White and Massella controlled and dominated defendant Rainbow Associates. (Paragraph 25 of the complaint and answer thereto.)

(2) Whether the monies received by Defendants were "donations and contributions" or payment for tickets to entertainment events. (Paragraph 42 of the complaint and answer thereto.)

(3) Whether Defendants sold tickets to visit West Point Park after learning that the Park would be closed on the date of the scheduled visit. (Paragraph 46 of the complaint and answer thereto.)

(4) Whether Defendants published advertisements which it sold to Pennsylvania businesses on behalf of the Fraternal Order of Constables. (Paragraph 94 of the complaint and answer thereto.)

**3.** Indication at argument by the Attorney General of difficulty in moving the matter to trial can be addressed by the utilization of discovery rules, and sanctions for noncompliance where appropriate.

Attorney General's argument appears to be that the answers merely deny that Defendants engaged in specific conduct without providing additional detail.

 To determine if an answer is a general denial under Rule 1029(b), the court must examine the pleadings as a whole. *McDermott v. Department of Health*, 103 Pa.Commonwealth Ct. 134, 519 A.2d 1088 (1987). We must also be mindful that assertions as to non-existence cannot normally evoke much detail. *Id.* In this instance, the Attorney General contends that Defendants were obligated to provide more explanatory detail. This contention presupposes that there is more explanatory detail to provide.[4] We cannot make this presupposition.

 As to the second set of answers, the Attorney General argues that Defendants are not excused from answering these allegations based on a lack of information, under Rule 1029(c), because Defendants have sufficient information at their disposal to answer these allegations. Reliance on Rule 1029(c) does not excuse a failure to deny or admit factual allegations when it is clear that the pleader must know if the allegations are true or not. *City of Philadelphia v. Hertler*, 114 Pa.Commonwealth Ct. 475, 539 A.2d 468 (1988).

 In the present context, we must determine based on the pleadings whether it is clear that Defendants knew if the allegations were true. In *Hertler*, we decided that it was clear that a pleader who admitted that he was the president of a corporation knew whether the corporation had any employees between 1976 and 1980. In the present

4. This argument also suggests that after a responding party has denied incriminating allegations it must then explain what in fact occurred. For example, the Attorney General seems to assert that after Defendants denied that they made misrepresentations to ticket purchasers, they were obligated to describe the actual content of their conversations with ticket purchasers. Requiring this practice would be contrary to the fundamental principle that the plaintiff has the obligation of proving the defendant's liability, and that the defendant does not become liable by failing to deny in exculpating detail the plaintiff's incriminating allegations.

case, the Attorney General alleged the specific amounts of money received, specific amounts of tickets sold, and specific number of persons attending events. It is not clear that Defendants knew whether the specific amounts alleged were accurate.

Based on the foregoing discussion, it is clear that material facts are still at issue in this action. Accordingly, the motion for judgment on the pleadings is denied.

## ORDER

AND NOW, February 12, 1991, the motion for judgment on the pleadings of the Commonwealth by Ernest Preate, Jr., Attorney General, in the above-captioned matter is denied.