**Fitzgerald v. Kaguyutan**

*Catherine M. Mahady-Smith,* for plaintiffs.
*James W. Saxton,* for defendants Alfredo G. Kaguyutan, M.D. and Kaguyutan Medical Assoc. Inc.
*F. Evan Black,* for defendant Gettysburg Hospital.

KUHN, *J.*, January 11, 1993—On August 1, 1991, plaintiffs, Kathleen M. and David B. Fitzerald, filed a 144-paragraph complaint* against defendants, Alfredo G. Kaguyutan, M.D., Kaguyutan Medical Associates Inc. and the Gettysburg Hospital alleging negligence in failing to properly diagnose and treat placental abruption resulting in the death of plaintiffs' unborn child on or about July 4, 1989. Hospital filed its answer with new matter on September 16, 1991. Subsequently, plaintiffs filed preliminary objections to hospital's answer with new matter specifically requesting that paragraphs 57-69, 81 and 83 of the answer be deemed admitted or more specifically answered and that paragraphs 145-153 and 155 of the new matter be stricken.

To paraphrase hospital's answer, paragraphs 57, 60, 69 and 81 are denials with averments that after reasonable investigation hospital is without knowledge or information sufficient to form a belief as to the truth of the corresponding averments in the complaint. Paragraphs 58-9, 61-8, and 83 aver that to the extent Mrs. Fitzgerald's medical records support plaintiffs' averments they are admitted otherwise they are denied.

Plaintiffs argue that pursuant to Pa.R.C.P. 1029(b) the aforementioned answering paragraphs must be deemed admissions because under these circumstances it was improper for hospital to simply deny allegations or make general reference to medical records. Rule 1029 makes clear that a general denial has the effect of an admission unless that denial falls within the exception appearing in subsection (c) of the rule. Hospital's paragraphs 57, 60, 69 and 81 are attempts to fit within subsection (c). In determining if an answer is a general denial under

* The action was initiated by a writ of summons filed June 28, 1991.

the rule, the court must examine the pleadings as a whole. *Commonwealth by Preate v. Rainbow Associates Inc.,* 138 Pa. Commw. 56, 61, 587 A.2d 357, 360 (1991). Nevertheless, reliance upon subsection (c) does not excuse a failure to admit or deny factual allegations when it is clear that hospital must know the validity of the averments. *City of Philadelphia v. Hutler,* 114 Pa. Commw. 475, 482, 539 A.2d 468, 472 (1988). The objective of subsection (c) is to protect a party from making an admission when he is unable to ascertain competent information to support a specific denial; however, a reasonable, good faith investigation must be made before invoking this section. *Equibank v. Interstate Motels Inc.,* 25 D.&C.3d 149, 152 (1982).

After carefully reviewing paragraphs 57, 60, 69 and 81, I am satisfied that hospital's answers are sufficient. Each corresponding averment refers to matters within the knowledge of plaintiffs or Dr. Kaguyutan or is a matter not likely to appear in a medical record. Therefore, these paragraphs will not be deemed admitted nor will hospital be required to replead.

A review of paragraphs 58-9, 61-8 and 83 yield a different result. Hospital surely had adequate time to review its own records regarding the incident in question. To the extent those records corroborate or contradict a specific averment then hospital should specifically respond. If the records or other information available to hospital at the time the answer is filed are inadequate to prepare a specific response then hospital may rely on Rule 1029(c). However, in this instance for hospital to simply aver that whatever the records reveal are respectively admitted or denied does not satisfy Rule 1029.

Although hospital's responses may have been inadequate, I reject the harsh sanction of having them be deemed

admitted because of the effort hospital did make to respond. The better approach would be to allow hospital to amend those paragraphs.

With regard to plaintiffs' request to strike certain paragraphs of hospital's new matter, Pa.R.C.P. 1028(a)(2) allows a motion to strike whenever a pleading lacks conformity with law or rule of court; or because of scandalous or impertinent matter.

Plaintiffs correctly point out that Pa.R.C.P. 1019(a) requires material facts upon which a defense is based to be stated in concise and summary form. Hospital has, by very general averments, stated that: plaintiffs failed to state a cause of action; the statute of limitations may have expired; hospital was not negligent; hospital's acts or omissions were not substantial causes of the injury suffered; plaintiffs were contributorily negligent; acts or omissions of others were intervening and superseding causes of the injury suffered; plaintiffs may have assumed the risk; the Comparative Negligence Act may be applicable; hospital's acts or omissions were not the proximate cause of the injury suffered; and plaintiffs may have entered into a release with others which would discharge hospital.

Hospital recognizes that the aforementioned paragraphs are general but argues that because (1) most affirmative defenses not raised in new matter are waived, *Iorfida v. Mary Robert Realty Co.,* 372 Pa. Super. 170, 176, 539 A.2d 383, 386 (1988), *alloc. den.,* 549 A.2d 136 (1988), (2) the time constraints imposed by the rules for response do not envision detailed factual averments supporting affirmative defenses, and (3) of the complexity of this case more specificity should not be required. Plaintiffs argue that they are unable to specifically deny these paragraphs as required by Rule 1029 or prepare a defense

because the averments are too vague and not in conformity with Rule 1019(a).

Ever since *Connor v. Allegheny General Hospital,* 501 Pa. 306, 461 A.2d 600 (1983), the courts have been increasingly called upon to determine whether pleadings comply with Pa.R.C.P. 1019(a). There, in a footnote, the court observed that the defendant could have moved to strike an averment in the complaint alleging it was negligent "in otherwise failing to use due care and caution under the circumstances" or at least to seek a more specific pleading.

Research available to this court has revealed few situations where preliminary objections have been filed to general averments raising affirmative defenses in new matter. In *Gotwalt v. York Hospital,* 102 York L.R. 151 (1988), the Honorable Richard H. Horn denied motions to strike or for more specific pleading because (1) of the disparity in time available to plaintiffs and defendants in preparing their initial pleadings, (2) Pa.R.C.P. 126 allows courts to liberally construe the pleading rules, and (3) plaintiff had ample opportunity to examine the hospital's pertinent medical records, so most facts are within the knowledge of both parties thereby making the defenses raised predictable.

The Honorable Michael Georgelis opined otherwise in *Rivera v. Arbor Place Inc.,* 4 D.&C.4th 44 (1989) when he felt compelled by Rule 1019(a) and the *Connor* standard to require more specificity to averments of affirmative defenses strikingly similar to the language used in hospital's new matter.

How this issue has been addressed by other courts is unknown. Without further direction and guidelines, however, I am inclined to follow the rules and be more liberal in allowing amendment upon discovery of affirmative defenses. Because affirmative defenses have no

statute of limitations problems a defendant should be able to raise such defenses when they become known. Certainly, one might not be able to plead a defense within 20 days for which adequate time to investigate was unavailable. I do not believe the waiver provisions of Pa.R.C.P. 1032 apply in such situations.

As is well known the rules allow for liberal amendment at any stage of the pleadings. Pa.R.C.P. 1033 and 126. Therefore, as defenses become known the defendant would be granted leave to amend. Where one fails to plead a known defense waiver may result but otherwise it should not be a cause for undue concern at this stage of the pleadings.

Certain defenses will require more specificity than others. For example, alleging failure to state a cause of action, raising the statute of limitations, or denying negligence requires no further averments. However, pleading contributory negligence, intervening and superseding acts of others, assumption of risk, comparative negligence, and release requires more specificity.

Accordingly, the attached order is entered.

## ORDER OF COURT

And now, January 11, 1993, plaintiffs' preliminary objections to the answer and new matter of defendant, the Gettysburg Hospital is granted in the following respects, otherwise denied:

(1) Said defendant is granted 20 days from the date of mailing of this order to more specifically respond to paragraphs 58-9, 61-8 and 83.

(2) Paragraphs 149, 150, 152 and 155 are stricken.

(3) Unless said defendant repleads the defenses raised in paragraphs 149, 150, 151, 152 and 155 within 20 days after the date of mailing of this order, either agreement or leave of court will be required to add these defenses thereafter.