## Baird v. Congello

C.P. of Lancaster County, no. 3700-1992.

*H. Charles Benner,* for plaintiff.
*Linda Porr Sweeney,* for defendant.

FARINA, *J.,* August 11, 1998—Before the court is plaintiff Ralph Baird's motion for post-trial relief seeking judgment on the pleadings, judgment n.o.v., or a new trial. Plaintiff contends that the trial court erred by failing to deem as admitted paragraphs 50 through 59 of plaintiff's complaint and permitting defendant to amend his answer prior to trial as to these allegations. Plaintiff further contends that the trial court erred in refusing to deem paragraph 9 of defendant's answer admitted because defendant's answer constituted a general denial. The issues have been briefed and argued, and are ready for disposition.[1]

The case was tried on September 29, 1997 through October 1, 1997, before the undersigned. In his case in chief, plaintiff alleged that defendant had negligently performed an operative repair of a recurrent inguinal hernia and, as a consequence, plaintiff's right testicle was ultimately removed because of atrophy, and that nerves and blood vessels were entrapped, necessitating subsequent procedures to free them. Although defendant had filed an answer to plaintiff's complaint on October 30, 1992, the answer failed to include responses to complaint paragraphs 50 through 59. In chambers, immediately before trial began, plaintiff's counsel moved to deem the averments of the unanswered paragraphs

---

1. Argument on this motion was originally scheduled for the February 11, 1998, argument court list. On January 28, 1998, we entered an order stating that in accordance with the order of liquidation entered by the Commonwealth Court in *M. Diane Koken, Insurance Commissioner of the Commonwealth of Pa. v. PIC Insurance Group* on January 21, 1998, staying for 90 days all pending court actions in which PIC Insurance Group is obligated to defend a party, this argument was to be rescheduled for the June 10, 1998 argument court list. We heard argument June 10, 1998.

admitted. Plaintiff further moved that paragraph 9 of plaintiff's complaint be admitted as a general denial. Plaintiff renewed both of these motions in open court. The court denied both motions and permitted defendant to amend the answer as to paragraphs 50 though 59. Upon trial, the case went to the jury who returned a defense verdict. Plaintiff's post-trial motions followed.

Judgment n.o.v. is proper only if the moving party is entitled to judgment as a matter of law or if the evidence is such that no two reasonable minds could disagree that the outcome should have been rendered in favor of the moving party. *Moure v. Raeuchle,* 529 Pa. 394, 604 A.2d 1003 (1992). Granting judgment n.o.v. is appropriate in a clear case where, viewing the evidence in the light most favorable to the verdict winner, and granting the verdict winner every reasonable inference, there is insufficient evidence to sustain the verdict. *Ingrassia Construction Co. v. Walsh,* 337 Pa. Super. 58, 486 A.2d 478 (1984). Granting a new trial is appropriate only where it clearly appears in the un-contradicted evidence that the verdict bears no reasonable relation to a loss suffered by the plaintiff, or where there has been an evident failure of justice to the plaintiff. *Guidry v. Johns-Manville Corp.,* 377 Pa. Super. 308, 547 A.2d 382 (1988).

Plaintiff first argues that defendant's failure to respond in his original answer to paragraphs 50 though 59 of plaintiff's complaint constitutes the failure to file a responsive pleading and that under Pa.R.C.P. 1029(b), these averments should be deemed admitted. Plaintiff cites *Peters Creek Sanitary Authority v. Welch,* 545 Pa. 309, 681 A.2d 167 (1996), for the proposition that a party who files an untimely answer must show just cause for the delay and only after just cause has been shown can the trial court require the objecting party

to demonstrate it will be prejudiced by the delay. Here, plaintiff argues, the trial court erred by requiring plaintiff to show prejudice and not first requiring defendant to show just cause.

While we agree with the principles enunciated in *Peters Creek,* these rules are inapplicable here. In the present case, defendant did not fail to file an answer to the complaint; thus, the standards in *Peters Creek* are not controlling. Defendant filed an answer but inadvertently overlooked and did not respond to paragraphs 50 though 59 of the complaint. Defendant was permitted to amend and file the answer prior to trial. Defendant was not granted leave to file an untimely answer. If the latter scenario occurred, *Peters Creek* might control, but it does not apply to amendment of a timely filed answer.

Pa.R.C.P. 126 provides that a court at every stage of any action may disregard any error or defect or procedure which does not affect the substantial rights of the parties. Moreover, the decision to permit an amendment to pleadings is a matter of judicial discretion. *Tanner v. Allstate Insurance Co.,* 321 Pa. Super. 132, 467 A.2d 1154 (1983). Amendments to pleadings are to be liberally allowed in order to secure the just determination of cases on their merits, unless surprise or prejudice to the other party would result, or where the proposed amendment is against a positive rule of law. *Id.* In the present case, none of the above instances exist to deny defendant the opportunity to amend the pleading where an inadvertent error of counsel was its cause. Since permitting defendant to amend his answer to respond to paragraphs 50 through 59 of plaintiff's complaint was not, nor could not be shown by plaintiff to affect his substantial rights, the court committed no error permitting eve of trial amendment.

Additionally, the allegations plaintiff pled in paragraphs 50 through 59 of the complaint are no more than conclusions of law, requiring no response. "Averments in a pleading to which no responsive pleading is required shall be deemed to be denied." Pa.R.C.P. 1029(d). Rule 1029(a) requires a responsive pleading to admit or deny only averments of fact. *Kappe Associates Inc. v. Aetna Casualty and Surety Co.,* 234 Pa. Super. 627, 632, 341 A.2d 516, 519 (1975). Whether an allegation is of fact or law is determined by its context disclosing the circumstances and purpose of the allegation. *Id.*

Upon review of the allegations in paragraphs 50 through 59 of the complaint, the negligence count of the complaint, we are satisfied they are mere conclusions of law to which a specific denial was not required. Paragraph 50 incorporates by reference all preceding paragraphs which comprise the factual underpinnings of the negligence count. Paragraph 51 includes subparagraphs (a) through (g). Paragraph 51 is the malpractice allegation of defendant's alleged breaches of the standard of care more specifically set forth in subparagraphs (a) through (g). Thus, paragraph 51 pleads the conclusion of law that defendant was negligent for the reasons set forth in (a) through (g). Since the underpinnings for the conclusion of negligence pled in paragraph 51 are in paragraphs 1 through 49 of the complaint to which defendant's original answer did specifically respond, there is nothing more to plead other than to deny plaintiff's conclusion of negligence which needed no response.

Paragraphs 52 through 59 of the complaint are more of the same. Paragraph 52 pleads causation of injuries and paragraphs 53 through 59 plead damages. They are conclusory pleadings requiring at best a denial in

the form of a demand for proof or as conclusions of law. Accordingly, there was no error of law when the trial court permitted defendant's amended answer.

Plaintiff next contends that the trial court erred when it refused to deem as admitted the following averment contained in paragraph 9 of plaintiff's complaint:

"(9) During the course of the surgery, Dr. Congello did not identify or protect the ilioinguinal nerve, the iliohypogastric nerve, or the genitofemoral nerve."

Plaintiff claims that defendant's answer failed to specifically respond to this averment when it pled the following response:

"(9) Denied. It is denied that Dr. Congello did not identify or protect the ilioinguinal nerve, the iliohypogastric nerve, or the genitofemoral nerve during the course of the surgery in question. On the contrary, under the particular facts and circumstances of this case, Dr. Congello acted reasonably, properly and within the standard of care in performing the surgery in question upon Mr. Baird."

Plaintiff contends that because the second portion of defendant's response does not affirmatively aver the events that did occur in place of the facts which are denied, paragraph 9 should be deemed admitted as a general denial.

In determining whether a party has admitted the material factual allegations of a complaint, the court should examine the pleadings as a whole. *Cercone v. Cercone,* 254 Pa. Super. 381, 391, 386 A.2d 1, 5 (1978). Furthermore, Pa.R.C.P. 126 permits the court to disregard error or defects that do not affect substantial rights. When taking defendant's answer in its entirety, at para-

graph 7 the defendant admits that the operative report regarding the plaintiff's August 17, 1990 procedure contains the description of the procedure in question. At paragraph 8, the defendant sets forth a portion of the operative report which states, in part: "Care being taken not to strangle the cord at the internal ring." Finally, at paragraph 9, defendant denied that he did not identify or protect the ilioinguinal nerve, the iliohypogastric nerve or the genitofemoral nerve during the course of the surgery in question, and that under the particular facts and circumstances of the case, he acted within the applicable standard of care in performing the surgery. By necessary implication, these paragraphs set forth that the defendant asserted that he acted in accordance with what is written in the operative report and that the operative report met with the appropriate standard of care for the surgery in question.

While the defendant did not affirmatively set forth the manner of identifying or protecting the nerves which met with the applicable standard of care, he is not required to deny the plaintiff's allegations in explicit detail. *Commonwealth by Preate v. Rainbow Associates Inc.,* 138 Pa. Commw. 56, 587 A.2d 357 (1991). Requiring a responsive pleading to explain what occurred would be contrary to the fundamental principle that the plaintiff has the obligation of proving defendant's liability. *Id.* It was not the defendant's burden to establish the standard of care which the plaintiff alleged he had violated. It was sufficient for the defendant to deny that he failed to identify or protect the anatomy in question, and set forth that he had acted appropriately and as had been set forth in the operative report. When the answer is reasonably read in its entirety, it is clear

that the defendant's denial was sufficiently specific. There was no error in refusing to deem paragraph 9 admitted.

Defendant requested leave to file an amended answer out of an abundance of caution. The court, in the exercise of its discretion, granted the request, seeing that such amendment would cause no surprise or prejudice to plaintiff. Even now, plaintiff cannot demonstrate any surprise or prejudice resulting from the court permitting the amendment or in refusing to deem admitted paragraph 9 of plaintiff's complaint. Plaintiff was prepared and ready to move forward to trial with his case. Long before trial, he had his liability and damage experts ready, as evidenced by his April 1, 1997 pretrial memorandum. He expected that his experts would testify live at trial concerning the very matters which plaintiff now complains should have been deemed admitted. (See the expert reports of Bruce Garber M.D. dated June 30, 1992, and November 16, 1992.) In plaintiff's supplemental pretrial memo, filed two months before trial, plaintiff restated his witness list, including the expert witnesses he intended to call on plaintiff's behalf. (See amended pretrial memorandum.) Those experts were expected to testify and did testify in conformity with the medical records and reports that had been previously furnished to the defendant. The reports of Dr. Garber addressed the allegations of negligence which plaintiff claims defendant had admitted by failing to respond to paragraphs 50 through 59 of the complaint.

As a result, it is clear that the plaintiff did not suffer prejudice or unfair surprise when the court refused to deem paragraphs 50 through 59 or paragraph 9 of plaintiff's complaint as admitted. Plaintiff was ready to go forward with trial and to prove each allegation of negligence and causation in his complaint. He had available

to him, and ultimately fully utilized, his expert witness. The court's rulings on these issues did not change how plaintiff intended to proceed with his case.

Accordingly, we enter the following order:

## ORDER

And now, August 11, 1998, upon consideration of plaintiff Ralph Baird's motion for post-trial relief and defendant Anthony Congello's response thereto, the briefs, and oral argument of the parties, it is ordered and directed that plaintiff's motion is denied and that the prothonotary enter judgment on the jury's verdict in favor of defendant Anthony M. Congello D.O. and against plaintiff Ralph Baird.