J-S34020-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| BEAR STERNS ASSET BACKED SECURITIES 1TRUST 2006-IMI, ASSET-BACKED CERTIFICES, SERIES 2006-IMI, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSEPH C. LIKENS AND PATRICIA L. LIKENS | |
| Appellants | No. 1654 WDA 2017 |

Appeal from the Order Entered October 20, 2017
In the Court of Common Pleas of Washington County
Civil Division at No: 2010-8926

BEFORE: BOWES, STABILE, AND STRASSBURGER,* JJ.

MEMORANDUM BY STABILE, J.:                    FILED MARCH 22, 2019

Appellants, Joseph C. Likens and Patricia L. Likens, appeal from an order in this mortgage foreclosure action granting summary judgment to Appellee Bear Sterns Asset Backed Securities 1Trust 2006-IMI, Asset-Backed Certificates, Series 2006-IMI, U.S. Bank National Association, As Trustee. We affirm.

On October 18, 2010, Appellee filed a complaint in mortgage foreclosure alleging that Appellants were in default under the terms of a note dated December 21, 2005, in favor of Mortgage Electronic Registration Systems, Inc. as nominee for American Bank, in the original principal amount of

_____

* Retired Senior Judge assigned to the Superior Court.

$412,800.00, and a mortgage securing the note on real property at 213 Arrowhead Lane, Eighty Four, PA 15330.  Appellee alleged that it had the right to foreclose on the mortgage as holder of the note and assignee of the mortgage.  Appellee subsequently filed an amended complaint and second amended complaint, both of which Appellants answered.  Appellee averred in paragraph 5 of the second amended complaint that it had possession of the note.  Appellee attached a copy of the note as an exhibit along with an allonge[1] from IMPAC Funding Corporation ("IMPAC") endorsing the note without recourse to Appellee.  Appellants claimed in its answer to the second amended complaint that it was without information sufficient to form a belief as to the truth of the allegations in paragraph 5.

On April 24, 2017, Appellee filed a motion for summary judgment attaching an affidavit by Appellee's second assistant vice president, Michael Ward, asserting that Appellants were in default of their mortgage payments.  Appellants filed a timely response to the motion.

On October 20, 2017, the trial court granted summary judgment to Appellee.  Appellants filed a timely notice of appeal from this order, and both Appellants and the trial court complied with Pa.R.A.P. 1925.  Appellants raised the following issues in their Pa.R.A.P.1925 statement:

---

[1] An allonge is "a slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with indorsements."  JP Morgan Chase Bank, N.A. v. Murray, [] 63 A.3d at 1259 n.2 (citing Black's Law Dictionary 76).  The note and allonge are appended as exhibit A to Appellee's second amended complaint.

1. Whether there were genuine issues of material fact as to [Appellee]'s standing including the alleged transfer of the Note and Mortgage when [Appellee] filed the instant lawsuit October 18, 2010 but was not assigned the mortgage until October 27, 2010.

2. Whether the claimed endorsement was proper in terms of authority, authenticity and chain of transfer.

3. Whether the trust documents prohibited the alleged transfer of the Note and Mortgage to the securitization trust of which [Appellee] is the claimed "Trustee" when the Trust closed in 2006 and the assignment of the mortgage to [Appellee] was in 2010.

4. Whether applicable law prohibited the transfer of the Note and Mortgage to the securitization trust.

5. Whether [Appellee]'s Affidavit was legally sufficient for purposes of summary judgment or whether it was improper and incompetent.

6. Whether MERS as the Mortgagee with no power of attorney could assign the mortgage under Pennsylvania real estate law.

Appellants' Pa.R.A.P. 1925(b) Statement.

In this Court, Appellants purport to raise four arguments in their brief despite stating only one broad and vague question in their Statement of Questions Presented: "Whether the lower court erred in granting [Appellee's] motion for summary judgment?"[2]  Appellants' Brief at 2.

---

[2] In reviewing an order granting summary judgment,

[this Court] may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion.  As with all questions of law, our review is plenary.

In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the

- 3 -

Appellants first object to the allonge attached to the note in which IMPAC indorsed the note without recourse to Appellee. Appellants argue that the allonge is invalid because IMPAC should have inscribed the indorsement on the note itself. As a result, Appellants argue, Appellee is not the legal holder of the note and lacks standing to foreclose on the mortgage. Appellants further complain that Appellants failed to demonstrate that the allonge was an original.

Appellants have waived their objection to the allonge for multiple reasons. First, Appellants failed to object to the allonge in their answer to Appellants' second amended complaint or new matter. Kituskie v. Corbman, 682 A.2d 378, 383 (Pa. Super. 1996) (failure to raise affirmative defense in new matter constitutes waiver). Second, Appellants failed to raise this objection in their response to Appellee's motion for summary judgment.

---

summary judgment rule. Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which it bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

J.P. Morgan Chase Bank, N.A. v. Murray, 63 A.3d 1258, 1261-62 (Pa. Super. 2013).

Walsh v. Borczon, 881 A.2d 1, 6 (Pa. Super. 2005) (quoting Harber Philadelphia Ctr. City Office Ltd. v. LPCI Ltd. P'ship, 764 A.2d 1100, 1105 (Pa. Super. 2000) (argument that could have been raised in response to motion for summary judgment but was not is waived). Third, Appellants failed to make specific reference to the allonge in their Pa.R.A.P. 1925(b) statement. Cobbs v. SEPTA, 985 A.2d 249, 256 (Pa. Super. 2009) (citing Pa.R.A.P. 1925(b)(4)(vii)) (issue that was not raised in appellant's statement of matters complained of on appeal was waived). Fourth, in their appellate brief, Appellants failed to make specific reference to the allonge in their Statement of Questions Presented. Southcentral Employment Corporation v. Birmingham Fire Insurance Corporation of Pennsylvania, 926 A.2d 977, 983 n.5 (Pa. Super. 2007) (citing Pa.R.A.P. 2116) (issue that was not explicitly raised in appellant's statement of the questions involved was waived).

Next, Appellants argue that Appellee, as trustee of a securitized mortgage loan trust, lacks standing to enforce the note because the assignment was untimely. According to Appellants, (1) the asset pool in the trust closed on April 25, 2006, thus precluding addition of mortgages after that date, and (2) the mortgage in question was untimely assigned to the trust in 2010. This alleged untimeliness does not deprive Appellee of standing. We have repeatedly held that a party has standing to foreclose on a mortgage if it (1) originated the mortgage, (2) was assigned the mortgage, or (3) is the holder of the note specially indorsed to it or indorsed in blank. Gerber v.

Piergrossi, 142 A.3d 854, 859-60 (Pa. Super. 2016) (citing Murray, 63 A.3d at 1267–68 n.6). The record establishes that Appellee is the holder of the note. Appellee averred in its second amended complaint that it was the holder of the note. As an exhibit to this pleading, Appellee attached the note along with an allonge endorsing the note from IMPAC to Appellee. Appellants did not deny this averment in its answer to the second amended complaint; it merely alleged that it was without information sufficient to form a belief as to the truth of this averment. Appellants could not claim lack of information under these circumstances, because the inclusion of the note and allonge as an exhibit provided sufficient information with which to answer the second amended complaint. Com. by Preate v. Rainbow Associates, Inc., 587 A.2d 357, 360 (Pa. Cmwlth. 1991)[3] (defendants are not excused from answering allegation in complaint based on lack of information when they have sufficient information at their disposal to answer allegation). Consequently, Appellee's averment that it is the holder of the note is deemed admitted. Pa.R.C.P. No. 1029(b) ("averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication"). Furthermore, Appellee asserted in its motion for summary judgment that it was the holder of the note, and Appellants failed to provide

---

[3] "This Court is not bound by decisions of the Commonwealth Court. However, such decisions provide persuasive authority, and we may turn to our colleagues on the Commonwealth Court for guidance when appropriate." Petow v. Warehime, 996 A.2d 1083, 1088 n.1 (Pa. Super. 2010).

any contrary evidence.  See Pa.R.C.P. No. 1035.3 (respondent to summary judgment motion must identify one or more issues of fact arising from evidence in record controverting evidence cited in support of the motion).  Accordingly, Appellants' challenge to Appellee's standing is devoid of merit.

In their next argument, Appellants claim that the affidavit of second assistant vice president Ward in Appellee's motion for summary judgment is invalid, because he based his affidavit on information compiled by others and has no personal knowledge of the matters in the record or their accuracy.  Appellants waived this argument by failing to raise it in their response to Appellee's motion for summary judgment, Walsh, 881 A.2d at 806, or in their Statement of Questions Presented in their appellate brief.  Southcentral Employment Corporation, 926 A.2d at 983 n.5.  Even if Appellants did not waive this argument, it is devoid of substance.  Affidavits[4] are admissible to establish a moving party's right to summary judgment.  Pa.R.C.P. No. 1035.1(2).  Affidavits are useful tools to non-natural parties such as Appellee who can only "speak" through its officers, directors, or other agents.   Such parties typically designate spokespersons to review documents gathered

---

[4] An affidavit is "a statement in writing of a fact or facts, signed by the person making it, that either (1) is sworn to or affirmed before an officer authorized by law to administer oaths, or before a particular officer or individual designated by law as one before whom it may be taken, and officially certified to in the case of an officer under seal of office, or (2) is unsworn and contains a statement that it is made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities."  Pa.R.C.P.A. 76.  Ward's affidavit was sworn to before a notary public and complies with the requirements of Rule 76.

through the ordinary course of business and assert the party's construction of these documents through affidavits or other discovery mechanisms. Cf. *Petrina v. Allied Glove Corporation*, 46 A.3d 795, 801 (Pa. Super. 2012) (corporation's answers to discovery interrogatories were admissible in summary judgment proceedings because they "constituted the firsthand knowledge of the corporation with respect to the questions posed as communicated through its chosen spokesperson"). That is what happened here. Ward reviewed Appellants' loan history report, a series of documents gathered through Appellee's ordinary course of business, and averred in an affidavit that the loan history reflected Appellants' failure to pay the loan. Ward's affidavit was entirely valid.

Finally, Appellants argue: "Genuine issues of material fact were present as to Appellee's alleged status as the creditor in view of the legally infirm [a]llonge and the hearsay matters in [Ward's] [a]ffidavit. The [trial] court was legally bound to resolve all genuine issues of material fact in favor of Appellants, which it did not." As discussed above, Appellants have waived these arguments.

For these reasons, the trial court properly granted summary judgment to Appellee.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/22/2019