J-S34016-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| GARY A. SMITH AND SERIASHIA J. CHATTERS, AND LINDA C. CHATTERS | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ISAAC H. DREIBELBIS, T/A DREIBELBIS CONSTRUCTION | : | No. 84 MDA 2020 |
| | : | |

Appellant

Appeal from the Order Entered December 11, 2019
In the Court of Common Pleas of Centre County Civil Division at No(s):
2018-4899

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:          **FILED SEPTEMBER 16, 2020**

Isaac H. Dreibelbis, t/a Dreibelbis Construction (Defendant or Appellant) appeals from the order of the Court of Common Pleas of Centre County that granted the motion for summary judgment filed by Gary A. Smith and Seriashia J. Chatters, husband and wife, and Linda C. Chatters (Plaintiffs or Appellees).  The court also dismissed Defendant's counterclaim, entering judgment in favor of Plaintiffs in the amount of $52,000.00, plus interest, costs of suit, and attorney's fees of $2,500.00.  After review, we affirm.

This case involves a contract for the construction of an in-law suite to be added to Plaintiffs' home by Defendant, who operated a home construction business.  After Defendant's failure to complete the construction and due to Plaintiffs' having paid in full the price of the construction, Plaintiffs filed suit,

alleging breach of contract and a violation of the Home Improvement Consumer Protection Act, 73 P.S. §§ 517.1 – 517.18, and the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S.§§ 201-1 – 201-9.3. In response, Defendant filed a counterclaim for negligence. Thereafter, Plaintiffs filed a motion for summary judgement, which was granted by the trial court. Defendant's counterclaim was dismissed.

Defendant now appeals to this Court, raising the following issue for our review:

> Whether the trial court abused its discretion when granting Plaintiff Appellees' motion for summary judgment because the trial court treated Defendant Appellant's general denial to a conclusion of law as an admission, in addition to there being genuine issues of material fact that continue to exist[?]

Defendant's brief at 4.

Because Defendant's appeal arises after the grant of summary judgment, we set forth the following that guides our review:

> [T]he standards which govern summary judgment are well settled. When a party seeks summary judgment, a court shall enter judgment whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense that could be established by additional discovery. A motion for summary judgment is based on an evidentiary record that entitles the moving party to a judgment as a matter of law. In considering the merits of a motion for summary judgment, a court views the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Finally, the court may grant summary judgment only when the right to such a judgment is clear and free from doubt. An appellate court may reverse the granting of a motion for summary

> judgment if there has been an error of law or an abuse of discretion . . . .
>
> **Swords v. Harleysville Ins. Companies**, 584 Pa. 382, 883 A.2d 562, 566-67 (Pa. 2005) (citations omitted). To the extent this Court must resolve a question of law, we shall review the grant of summary judgment in the context of the entire record. **Truax v. Roulhac**, 126 A.3d 991, 996 (Pa. Super. 2015).

**Woodhouse Hunting Club, Inc. v. Hoyt**, 183 A.3d 453, 457 (Pa. Super. 2018).

We have reviewed the certified record, the briefs of the parties, the applicable law, and the thorough opinion, authored by the Honorable Pamela A. Ruest, President Judge of the Court of Common Pleas of Centre County, dated December 11, 2019. We conclude that Judge Ruest's well-reasoned opinion accurately disposes of the issue presented by Defendant on appeal and we discern no abuse of discretion or error of law. Accordingly, we adopt Judge Ruest's opinion as our own for purposes of appellate review and affirm the order from which this appeal arose.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/16/2020

- 3 -

Circulated 08/27/2020 12:12 AM



IN THE COURT OF COMMON PLEAS OF CENTRE COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

GARY A. SMITH and
SERIASHIA J. CHATTERS,
husband and wife, and LINDA C.
CHATTERS,

                     Plaintiffs    :

               v.                :   No. 2018-4899

ISAAC H. DREIBELBIS, t/a
DREIBELBIS CONSTRUCTION,

                     Defendant  :

Attorney for Plaintiffs:                  Jeffrey W. Stover, Esq.
Attorney for Defendant:                Pro se

## OPINION and ORDER

**Ruest, P.J.**

Presently before the Court is a Motion for Summary Judgment filed by Gary A. Smith, Seriashia J. Chatters, and Linda C. Chatters (jointly, "Plaintiffs") on September 18, 2019. Plaintiffs filed a Brief in Support of Summary Judgment on September 18, 2019. Isaac H. Dreibelbis, t/a Dreibelbis Construction ("Defendant") filed a Brief against Summary Judgment on October 23, 2019. Oral argument was held on October 31, 2019. The Court finds as follows:

## Background

Defendant is a contractor who operated a home construction and remodeling business, Dreibelbis Construction. Plaintiffs contacted Defendant about adding an in-law space onto their home. On or about October 31, 2017, Plaintiffs and Defendant entered into a written agreement for a total construction price of $128,250.00. The contract required a down payment of $64,500.03 and nine subsequent "progress payments" of $7,083.33 each, to be submitted at the end of each of the nine phases of construction. Plaintiffs paid Defendant a down payment of $64,500.03, and the first progress payment of $7,083.33 was paid on January 8, 2018. Plaintiffs paid the eight remaining progress payments, totaling $7,083.33 each, on January 10, 2018 with an alleged oral stipulation that Defendant apply the checks toward the contract price

☒O ☐RD ☐S

and only deposit those checks as each phase of the construction was completed. Defendant deposited all of the checks into the business checking account for Dreibelbis Construction.

The parties dispute when Defendant began work on Plaintiffs' home; Defendant alleges on-site work on the project began November 19, 2017, but Plaintiffs state Defendant did not begin work on their home until January 2018. After erecting the exterior shell of the addition and part of the drywall, Defendant stopped working on the project. Defendant went out of business before finishing the project. As of the date of oral argument on Plaintiffs' summary judgment motion, Defendant has not refunded Plaintiffs' money.

Plaintiffs brought suit against Defendant on December 19, 2018, alleging breach of contract and a violation of the Home Improvement Consumer Protection Act (HICPA), §517.1, *et seq.*, and the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. §201-1, *et seq.* Defendant filed an Answer and asserted a counterclaim for negligence against Plaintiffs on February 8, 2019.

## Discussion

A Motion for Summary Judgment may be made once all relevant pleadings are closed and within a reasonable amount of time so as not to delay trial. Pa.R.C.P. 1035.2. Summary judgment is properly granted when there are no genuine issues of material fact necessary to prove an element of a cause of action. *Swords v. Harleysville Ins. Companies*, 584 Pa. 382, 883 A.2d 562, 566 (2006). The court must view the entirety of the record in a light most favorable to the non-moving party and resolve all doubts in that party's favor. *Id.* at 566-67. Summary judgment is only proper when the case is clear and free from doubt pertaining to questions of material fact. *Redland Soccer Club v. Department of Army*, 548 Pa. 178, 696 A.2d 137, 141 (1997).

A material fact is a fact that is critical to the issue in the motion, would directly affect the outcome of the case, and is defined by the substantive law. *Bartlett v. Bradford Publishing, Inc.*, 2005 PA Super 350, 885 A.2d 562, 568; *Strine v. Commonwealth*, 586 Pa. 395, 894 A.2d

2

63a

733, 738 (2003). "In sum, only when the facts are so clear that reasonable minds cannot differ, may a trial court properly enter summary judgment." *Roche v. Ugly Duckling Car Sales, Inc.*, 2005 PA Super 225, 879 A.2d 785, 789.

## I. Count One: Breach of Contract

Plaintiffs request this Court grant summary judgment against Defendant for failure to finish a construction project, despite receiving full payment for said construction project pursuant to a written contract. In support of their motion, Plaintiffs rely on the admissions in Defendant's Answer and Counterclaim. Defendant argues Plaintiffs acted outside their written agreement when they paid for the project in full and avers Plaintiffs have been unwilling to agree to a feasible re-payment plan.

For a breach of contract claim to be sustained, there must be ""(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract[,] and (3) resultant damages."" *Williams v. Nationwide Mutual Ins. Co.*, 750 A.2d 881, 884 (Pa. Super. Ct. 2000) (*quoting CoreStates Bank, Nat'l Assn. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999)). There is no dispute as to the existence of the contract between the parties.

Here, Defendant admitted he received and deposited Plaintiffs' checks into the Dreibelbis Construction business account in paragraph 11 of his Answer. In paragraphs 15 and 25 of his Answer, Defendant admitted he did not finish the construction project and Plaintiffs are at a loss due to the closure of his business. Because the parties had a signed contract for Defendant to complete the construction project and Defendant failed to do so, Plaintiffs have established Defendant breached his duties under the contract.

Defendant disagrees to the amount of damages Plaintiffs claim although he admits Plaintiffs paid the full contract price for the project that was not completed. Paragraph 17 of Plaintiffs' Complaint averred Defendant admitted in text messages that he owed $52,000 "because he had pocketed the entire construction price while only doing approximately one-half the work." Plaintiffs' Complaint, p. 4, ¶17. Plaintiffs allege the text messages were sent and

3

received on or around July 2018. In his Answer and Counterclaim, Defendant denied Plaintiffs' assertion without further explanation. Pursuant to Pennsylvania Rule of Civil Procedure 1029, "Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication. A general denial or a demand for proof ... shall have the effect of an admission." Pa.R.C.P. 1029(b). The Court will examine the pleadings as a whole to determine if a general denial was made under Pa.R.C.P. 1029(b). *Com. by Praete v. Rainbow Associates, Inc.*, 138 Pa. Commw. 56, 61, 587 A.2d 357, 360 (1991).

Based on the aforementioned admissions this Court has noted Defendant made in its Answer, including the existence of the contract, receipt of full payment of the contract price, and failure to finish the project, the court deems Defendant's denial of Plaintiffs' paragraph 17 averment a general denial. Thus, the Court construes the general denial as an admission that Defendant stated, in text messages, that he owes Plaintiffs $52,000. Plaintiffs have proven all of the elements necessary to establish a breach of contract.

Defendant's argument that Plaintiffs breached the agreement when they paid for the project in full is immaterial as "[a] written contract which is not for the sale of goods may be modified orally." *Universal Builders, Inc. v. Moon Motor Lodge, Inc.*, 430 Pa. 550, 557, 244 A.2d 10, 15 (1968). After discussion, Defendant received and deposited Plaintiffs' checks, thus agreeing to an oral modification of the agreement. Further, Defendant's argument Plaintiffs have refused to agree to a repayment plan is immaterial to the present matter. For these reasons, Plaintiffs' motion for summary judgment for breach of contract is GRANTED.

## II. Count Two: Violation of the UTPCPL

Plaintiffs allege Defendant violated the UTPCPL when he failed to complete the construction project. Defendant, however, argues that his failure to complete the addition on Plaintiffs' home was the result of his business closing, and was never done with any deceptive intent.

The HICPA provides:

4

No person shall: . . . Abandon or fail to perform, without justification, any home improvement contract or project engaged in or undertaken by a contractor. For the purposes of this paragraph, the term "justification" shall include nonpayment by the owner as required under the contract or any other violation of the contract by the owner.

73 P.S. § 517.9(5). The HICPA also provides that a violation of its provisions constitutes a violation of the UTPCPL. 73 P.S. § 517.10.

Here, the parties agree Defendant is a contractor as defined by the HICPA, and the contract between the parties is a home improvement contract as defined by the HICPA. *See* 73 P.S. §517.2. Defendant made a general denial to paragraph 33 of Plaintiffs' Complaint averring Defendant violated the provisions of the HICPA and, therefore, violated the UTPCPL. As the Court has indicated, a general denial will be construed as an admission where the averment requires a responsive pleading. Pa.R.C.P. 1029(b). Further, upon inspection of the admissions in the pleadings, Defendant failed to perform the home improvement contract he undertook without justification. Because Plaintiffs have shown Defendant, a contractor, abandoned a home improvement project he agreed to complete, Plaintiffs' motion for summary judgment on their claim under the UTPCPL is GRANTED.

### III. Defendant's Counterclaim: Negligence

Defendant also brings a counterclaim against Plaintiffs for negligence. Defendant argues Plaintiffs were negligent when they paid Defendant the full contract price for the project before all work was completed. In response, Plaintiffs argue they fully performed their obligations under the contract by paying Defendant in full, and that a negligence claim is inappropriate in this contract dispute.

Negligence is a "breach of a legally recognized duty or obligation that is causally connected to the damages suffered by the complainant." *Bilt-Rite Contractors, Inc. v. The Architectural Studio*, 581 Pa. 454, 866 A.2d 270, 280 (2005) (*quoting Sharpe v. St. Luke's Hospital*, 573 Pa. 90, 821 A.2d 1215, 1218 (2003)). Here, Plaintiffs' actions in paying the contracted price up front was not a breach of a legally recognized duty because, as this Court

5

has indicated, the contract was orally modified. The modified contract was accepted by Defendant when he received and deposited Plaintiffs' checks. Further, Defendant did not suffer damages as a result of Plaintiffs' up-front payments. For this reason, Plaintiffs' motion for summary judgment on Defendant's negligence counterclaim is GRANTED and the counterclaim is DISMISSED.

## ORDER

AND NOW, on this 11th day of December, 2019, Plaintiffs' Motion for Summary Judgment is **GRANTED**. Defendant's counterclaim is **DISMISSED**. Judgment is entered in favor of Plaintiffs and against Defendant in the amount of $52,000.00, together with interest at the legal rate, costs of suit, and attorney's fees of $2,500.00.

BY THE COURT:

_____
Pamela A. Ruest, President Judge

6

67a